Reed, J.,
delivered the opinion of the court.
Plaintiff in error was plaintiff below. The suit was brought to restrain the People’s National Bank, a judgment creditor, and Leonard Jackson, the sheriff of El Paso county, from selling certain lands of the plaintiff in El Paso county upon execution in favor of the bank. The land in question was an unoccupied portion of the public domain, until about the 18th day of October, 1890, when plaintiff settled upon it and made a filing under the pre-emption laws of the United *370 States, and since such date he has been residing upon it with his family. On May 14,1891, he made proof of rights as required by law, made the necessary payment to secure the title and receive a receiver’s receipt, which was recorded; a few days afterwards (date not given, but prior to the 15th day of July, 1891,) he caused the word “ Homestead ” to be entered of record on the margin of the record of the receiver’s certificate, and signed his name as required by law. On Feb. 16, 1891, the judgment was obtained, and on the 21st day of February, 1891, a transcript of the judgment was filed in El Paso county. On July 15, 1891, an execution was sued out, directed to the sheriff of El Paso county (Jackson, the defendant), who on the 12th day of September following, levied upon the land and advertised it for sale. The suit was brought to enjoin the sale; a temporary injunction granted, which was afterwards dissolved, and the sale allowed to proceed. The case is brought up for review.
The facts being conceded, only one question is presented: Was the land exempt from sale under the execution?
• The statute is as follows: “ Every householder in the state of Colorado, being the head of a family, shall be entitled to a homestead not exceeding in value the sum of two thousand dollars, exempt from execution and attachment arising from any debt, contractor civil obligation entered into or incurred after the first day of February, in the year of our Lord one thousand eight hundred and sixty-eight.” Mills. Ann. Stat. § 3132, p. 1301.
“ To entitle any person to the benefit of this act, he shall cause the word ‘ homestead ’ to be entered of record in the margin of his recorded title to the same, which marginal entry shall be signed by the owner making such entry and attested by the clerk and recorder of the county in which the premises in question are situated, together with the date and time of day upon which such marginal entry is so made.” Mills. Ann. Stat. § 3133, p. 1303.
It is contended by the defendants in error that, having obtained judgment and filed a transcript before plaintiff ac *371 quired title and designated the land as a homestead, the statutory lien of the judgment creditor attached upon the acquiring of the title, and such lien was superior to the homestead right, and the subsequent designation of it as a homestead did not exempt it from the operation of the judgment lien.
We cannot adopt this theory of the law. Its effect would be to defeat the evident intention of the legislature, and make the exemption in most cases nugatory. The design of the statute was to secure to the householder a home- for himself and family, regardless of his financial condition, whether solvent or insolvent.
The statute gives to a judgment creditor a general lien upon all the real .estate owned or afterward acquired, but this general lien must yield to the special law; and the homestead law, at least for the time that the land is occupied and designated as a homestead, withdraws the particular tract from the operation of the general lien. There are two well-defined lines of decision in regard to the operation and effect of the homestead exemption statute upon that giving a general judgment lien: First, that no judgment lien attaches to the homestead ; second, that the lien attached and remained, but was in abeyance so long as the requirements of the homestead act were complied with. The former is the theory of the law as adopted by the supreme court of this state. Barnett v. Knight, 7 Colo. 365.
It is immaterial for the purposes of this case, which theory is adopted, although we consider the one adopted the better in reason. If no lien attaches to the homestead, or if it remains and is held in abeyance, in the first instance, the general lien not having been enforced, and made specific by the levy of- an execution or attachment before the designation as a homestead, the general lien is removed, or the parcel of land is withdrawn from its operation. If the second theory were to prevail the effect would be the same in this case; it would be suspended and could not be enforced, under the facts shown in the pleadings. Both statutes may stand to *372 gether; the general judgment lien attaches until the legal designation of the land as a homestead, — such designation withdraws it from the operation of the general lien that attaches to all the land owned.
The language of the statute is clear and unequivocal — needs no construction. The words “ arising from any debt, contract or civil obligation ” are sufficiently broad and comprehensive to embrace any and all forms of indebtedness, including judgments. The homestead is “ exempt from execution or attachment.” The property in question not having been subjected specifically to the judgment lien by the levy of an execution before it was withdrawn as a homestead, it was exempted from the levy of the execution. To construe the statute otherwise would defeat its obvious intention. If the statute needed construction, many authorities might be cited in support of the position here taken.
In Green v. Marks, 25 Ill. 221, it was held, “ that the judgment lien did not attach to the homestead; that its exemption from, levy and sale placed it beyond the operation of a lien; ” also, “that while it remained exempt it was in the same situation as though the judgment had never existed.” This case was followed by Bliss v. Clark, 39 Ill. 590, where it was held that the property was not subject to a lien, a levy or a sale while it remained a homestead.
The plaintiff in error having designated the land as homestead before the execution was sued out, the property was exempt from its operation.
The decree of the district court must be reversed and cause remanded.

Reversed.