WEARE ET AL. v. JOHNSON ET AL.

1. STATUTORY CONSTRUCTION—PUBLIC LANDS—HOMESTEAD.
The proviso in sec. 2582, Mills' An. Stats., has reference solely to lands the title of which still remains in the government. It was inserted to prevent any apparent clash between the state statute and the provision of the federal statute exempting a homestead taken there- under from liability for any debt contracted prior to the issuance of patent.

2. HOMESTEADS—JUDGMENT LIENS.
Real estate which had not been subjected specifically to a judgment lien by the levy of an execution before it was homesteaded, is exempt from execution.

3. STATUTORY CONSTRUCTION.
Homestead and exemption laws are to be liberally construed.

*Appeal from the District Court of Weld County.*

THIS is an action to determine the right of possession to certain real estate in Weld county, viz., the west half of the northeast quarter, and the east half of the northwest quarter of section twenty-four, township two north, range sixty-five west of the sixth principal meridian. Plaintiffs had judgment in the district court, and the defendants bring the case here by appeal. The opinion of this court is based upon the action of the district court in sustaining a general demurrer to the amended third and fourth defenses.

In the third defense it is alleged that the land was originally filed on as a United States homestead entry in 1884, but that final proof was made December 7, 1888, as a preëmption entry, but it is averred that the premises were occupied by defendant Nathan Weare and his wife as a homestead. It is contended by counsel that without any entry of the word

homestead in the margin of the record, the land acquired and proved upon as a preëmption entry, being occupied as the residence of the family of the entryman, is exempt by virtue of the General Statutes of Colorado.

In the fourth defense it is averred that Nathan Weare obtained a final receiver's receipt for the land from the United States as a preëmption entryman on December 7, 1888, and on December 14, 1888, caused the word homestead to be written on the margin of the record of said receiver's receipt and signed the same, which signature was duly attested by the county clerk and recorder of Weld county, Colorado; that the land does not exceed two thousand dollars in value, and was constantly occupied as a homestead by the wife of said Weare.

Appellee Johnson, plaintiff below, having duly obtained judgment against said Weare, November 13, 1888, in the district court of Weld county, on December 6, 1888, eight days before this homestead marginal entry was made, duly filed in the county clerk's office a transcript of judgment of docket entries in due form, which remained on permanent file in said office, as well as recorded therein; that execution issued on the judgment December 5, 1888, and was levied on the land December 17th.

The question raised by this defense is: Was the lien of Johnson's judgment upon the land defeated by the subsequent entry of the word "homestead" on the margin, before the levy of the execution?

Messrs. HOWZE & WILLSEA, for appellants.

Mr. H. N. HAYNES and Mr. W. J. WEEBER, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

It is admitted in the third amended defense that the defendant, Nathan Weare, took nothing by his homestead filing in the United States land office, as he had previously exhausted

his homestead right. The title acquired by him was by virtue of the preëmption laws and not otherwise; hence no exemption is claimed under the provisions of the United States statutes with reference to homesteads, as in the case of *Mercantile Co. v. Davis*, 18 Colo. 93. Exemption is, however, claimed under the proviso of the following statute of this state, viz:

"Every interest in land, legal and equitable, shall be subject to levy and sale under execution, and the claim or possessory right of any defendant in execution, in or to any public lands, may be levied upon and sold under execution, in the same manner as if the same were held by such defendant in fee simple: *Provided*, That nothing in this chapter contained shall be so construed as to give any plaintiff in execution the right to levy on any land filed on by any person, in the land office of the Colorado land district, and occupied as a homestead by the defendant in execution." Mills' An. Stats., sec. 2582.

The proviso has reference solely to lands the title of which still remains in the government. It was inserted, we think, as a precautionary measure to prevent any apparent clash between the state statute and the provision of the federal statute making a homestead taken thereunder exempt from liability for any debt contracted prior to the issuance of patent. Sec. 2296, Revised Statutes of the United States.

The language of the state statute, following as it does the declaration in general terms that "the claim or possessory right of any defendant in execution may be levied upon and sold," etc., clearly indicates that the proviso refers to lands filed upon and held merely by possessory title, and not to lands after final proof has been made and to which a receiver's receipt has been issued. The demurrer to the third defense was therefore properly sustained.

The demurrer to the amended fourth defense calls for a consideration of the following statutory provisions:

"A transcript of the docket entry of any judgment in the judgment docket, certified by the clerk, may be filed with

the recorder of any county; and from the time of filing such transcript, the judgment shall become a lien upon all the real property of such judgment debtor not exempt from execution in such county, owned by him, or which he may afterwards acquire, until the said lien expires. The lien shall continue for six years from the entry of judgment, unless the judgment be previously satisfied." Sec. 232, Code of 1887.

" Every householder in the state of Colorado, being the head of a family, shall be entitled to a homestead not exceeding in value the sum of two thousand dollars, exempt from execution and attachment, arising from any debt, contract or civil obligation entered into or incurred after the first day of February, in the year of our Lord one thousand eight hundred and sixty-eight." Sec. 2132, Mills' An. Stats.

" To entitle any person to the benefit of this act, he shall cause the word ' homestead' to be entered of record in the margin of his recorded title to the same, which marginal entry shall be signed by the owner making such entry and attested by the clerk and recorder of the county in which the premises in question are situated, together with the date and time of day upon which such marginal entry is so made." Sec. 2133, Mills' An. Stats.

Since the case was tried in the court below, the precise question raised by the demurrer to the amended fourth defense has been passed upon by the court of appeals of this state. The effect of the special statute, as well as that of the general law, is set forth in the opinion in *Woodward v. People's Nat. Bank*, 2 Colo. App. 369, so clearly as to relieve us from any extended review of the question. See, also, *Letchford v. Cary*, 52 Miss. 791; *Stone v. Darnell*, 20 Tex. 11; *Wildermuth v. Koenig*, 41 Ohio St. 180; *Hawthorne v. Smith*, 3 Nev. 182; *Nevada Bank v. Treadway*, 17 Fed. Rep. 887, 8 Sawyer, 456.

In *Woodward v. The Bank*, *supra*, it was held that the judgment lien acquired by the judgment creditor upon the real estate of the debtor must yield to the special law in case of

homesteads. The two statutes are in *pari materia*, and must be construed together.

Applying the law to the facts, the court makes use of the following language, which is particularly in point in the present case: " The property in question not having been subjected specifically to the judgment lien by the levy of an execution before it was withdrawn as a homestead, it was exempted from the levy of the execution."

The homestead act provides that the homestead shall be exempt from " *execution* and *attachment*." If it is exempt from execution, it must of necessity be exempt from the lien of the judgment, as a judgment lien that cannot be enforced is of no avail. This construction is in accord with the course of the law, constitutional and statutory, in this state, and in harmony with all the decisions of this court.

Acquiring a homestead and its preservation for the family is a matter of public interest in a free government. The constitution requires the general assembly to pass liberal homestead and exemption laws. It does not in terms require the courts to liberally construe such laws as may be passed, but liberal exemption laws would be of slight avail to the debtor if illiberally construed against him. And such a construction would be out of harmony with the every utterance of this court upon the subject. Says Helm, J., in *Barnett v. Knight*, 7 Colo. 365 :

" Two governing principles underlie all homestead legislation :

" *First*. The beneficent design of protecting the citizen householder and his family from the dangers and miseries of destitution consequent upon business reverses or upon calamities from other causes ; and

" *Second*. The sound public policy of securing the permanent habitation of the family, and cultivating the local interest, pride and affection of the individual, so essential to the stability and prosperity of a government.

" Homestead exemption is entirely the creature of statute, but the statute is not in derogation of the common law, for

at common law the creditor had no right to sell the debtor's land; and the rule is fully established, that the statutory provisions are to be liberally construed for the purpose of giving effect to the principles above named."

To give the statute the construction contended for by appellees would be extending its terms in favor of the creditor to the manifest injury of the householder, and this we cannot do. The homestead exemption having been claimed in this case before the levy of any writ of execution or attachment, the property was exempted by the very terms of the statute, and the demurrer to the fourth defense should not have been sustained.

The judgment will accordingly be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*