HERR v. BROADWELL.

1. LEVY AND SALE OF REAL ESTATE UNDER EXECUTION—PRESUMP-
    TION.
Between a judgment debtor and a stranger, purchasing without notice
    of irregularities in the execution of the writ, the purchaser has the
    right to presume that all acts of the officer under the writ prior to
    the sale were in compliance with the law, and is only bound to
    know that there was a valid judgment upon which the writ was
    regularly issued, and that the property had been properly adver-
    tised for sale.  His title would rest upon the judgment, the exe-
    cution, sale under it, and the sheriff's deed.
2. SAME—INDORSEMENT OF LEVY ON WRIT NOT REQUIRED.
It is not necessary to a valid or effective levy on real estate that it be
    indorsed on the execution; the officer is required only to designate
    the particular land subject to the writ, by some record of what is
    done, accessible to the judgment debtor and to the public.

3. SAME—RECORD OF LEVY.

The statute not requiring that a record of the levy of execution on real estate shall be made upon the writ, such record may be made elsewhere, provided it is equally public and permanent.

4. SALE UNDER EXECUTION—INADEQUACY OF CONSIDERATION.

Gross inadequacy of consideration is a circumstance to be considered in connection with other facts where it is sought to set aside a sale of real estate under execution, but alone is not sufficient.

*Appeal from the District Court of Arapahoe County.*

Mr. T. J. O'DONNELL and Mr. W. S. DECKER, for appel-. lant.

No appearance for appellee.

. THOMSON, J., delivered the opinion of the court.

This is a proceeding to cancel a sheriff's deed to real estate, and permit the plaintiff to redeem the property, on the grounds that no legal levy of the execution upon the land was made, and that the price for which the property was sold was inadequate.

The facts are these : Herr had recovered two judgments against Broadwell, one in an action numbered 9999, for costs, and one in an action numbered 11,052, for $64.55 and costs. On the 18th day of July, 1890, execution was issued upon the judgment in case No. 9999, and on the 26th day of August, 1890, an alias execution was issued upon the judgment in case No. 11,052. No levy was indorsed upon either of the executions. On the 30th day of August, 1890, the sheriff advertised certain real estate of Broadwell, situate in Arapahoe county, for sale upon the executions, in the Colorado Graphic, a weekly newspaper published in the city of Denver. . The advertisement was published for the statutory period, the first publication being August 30, and the last September 20. The return of the sheriff upon the executions was that he had executed the writs by selling the real estate theretofore levied upon, and described in the advertisement

of sale, and which advertisement was attached to, and made a part of, the return. The advertisement recited that by virtue of the writs of execution, describing them, he, the sheriff, had levied upon and taken in execution in each of the cases all the right, title and interest of Broadwell in the real estate described, which he would offer for sale, etc.

The first question to be considered is whether there was any levy made by the sheriff upon the property prior to the sale, and if so, whether there is any legal evidence of the levy. As between Broadwell and a stranger, purchasing without notice or knowledge of any irregularities of the officer in the execution of his writ, the question could not arise, because the purchaser would have the right to presume that all the acts of the officer under the writ prior to the sale were in compliance with the law. He would be bound only to know that there was a valid judgment, upon which execution was regularly issued, and that the land had been properly advertised for sale. His title would rest upon the judgment, the execution, the sale under it, and the sheriff's deed. *Jackson v. Sternbergh*, 1 Johns. Cases, 153 ; *McEntire v. Durham*, 7 Ired. (N. C.) 151 ; *Blood v. Light*, 38 Cal. 649 ; *Holman v. Gill*, 107 Ill. 467.

But in this case the purchaser was the judgment plaintiff, and this is a direct proceeding to avoid the sale, so that the acts of the officer while the execution was in his possession are perhaps a proper subject of inquiry. A party is probably not entitled to the benefit of presumptions of which a stranger may avail himself; and, upon the hypothesis that he is not, and that, in this form of action, his title depends upon the regularity of the acts of the sheriff, a determination of the question whether a sufficient levy was made prior to the sale becomes necessary. A levy upon personal property is made by the officer having the writ seizing the property and taking it into his possession, but in the case of real estate a levy cannot be made in this manner. The sheriff cannot enter into the possession of real property, or in any way interfere with or disturb the possession of the debtor.

When a writ of execution is issued from the district court of one county to the sheriff of another, and levied upon real estate in the latter county, our statute provides that the officer shall make and file in the recorder's office of his county a certificate of the levy. Gen. Stats. (1883), secs. 1884-1886.

But the law prescribes no method of procedure where the real estate is in the same county in which the judgment is rendered. In such case, as to the manner in which the levy shall be made, or how it shall be evidenced, the statute is silent. There is no appearance for Broadwell in this court, and we are without the benefit of any suggestions upon the subject which might have been made in his behalf; but, from the pleadings and evidence, and the opinion delivered by the trial judge in deciding the case, it would appear that the plaintiff's contention was that the levy, to be effective, should have been indorsed upon the executions.

Where the acts necessary to a valid levy are prescribed by law, it is only necessary to follow the established procedure; and, in a given case, there is nothing for decision except whether this has been done or not; but where, as in this state, there is no legislation upon the subject, the question of what constitutes a sufficient levy upon real estate is not always easy of resolution. As the officer cannot reduce the land to possession, or do any act upon it against the will of the owner, all that can be required is, that he designate the particular land which he intends to subject to his execution in such a way that it may be identified, and this he can do without leaving his office if he has the proper information. The designation is a mental act; but, in order that it may be valid as a levy, it must be embodied in some visible memorial—some record of what was done, accessible to the judgment debtor and to the public. Strictly speaking, the record is not itself the levy; it is merely the evidence that the levy was made. But as the statute does not require that the record shall be made upon the writ, no reason is apparent why it may not be made elsewhere provided it is equally public

and permanent. See *Vroman v. Thompson*, 51 Mich. 452; *Hamblen v. Hamblen*, 33 Miss. 455; *Rodgers v. Bonner*, 45 N. Y. 379; *Duncan v. Matney*, 29 Mo. 368.

In this case the fact of the levy was not indorsed upon the executions; but, during their life, and by their authority, the sheriff advertised certain specified real estate for sale. The advertisement set forth that the officer had levied upon the property by virtue of the executions, and this advertisement was incorporated into his return upon the writs, and so became a part of the record of the cases. Here was a record of the levy which was made in such a manner that it was notice to all the world of the fact. It was certainly as public and as accessible as if it had been indorsed upon the executions; and, upon being made a part of the return, it became a permanent memorial. We think the levy was valid, and the evidence of it sufficient.

Gross inadequacy of consideration is a circumstance to be considered in connection with other facts where it is sought to set aside a sale of real estate; but alone it is not sufficient. In this case, however, it is not clear that the price paid was greatly less than the property was worth. It was bid off for $118.35. It was shown to be worth from $3,500 to $4,000; but it appears from the evidence that it was incumbered to an amount nearly equaling its sworn value. There was no proof of fraud in the sale, or of any other fact which would authorize a court of equity to disturb it.

The judgment will be reversed.

*Reversed.*