[No. 2085.]

JONES ET AL. v. OLSON.

1. **Homesteads—Execution Liens.**

Where an execution was sued out and levied upon real estate prior to the designation of the real estate as a homestead by the execution defendant, the execution lien is superior to the homestead claim.

2. **Executions—Levy upon Real Estate.**

Where a sheriff, upon receipt of an execution, made out and published in a newspaper a notice of sale of certain real estate under the execution, in which the execution was described, and it was stated that he had levied upon the real estate as the property of the execution defendant, and filed a copy of such notice with the clerk and recorder of the county, it was a legal and valid levy.

*Error to the District Court of Lake County.*

Mr. WM. H. HARRISON, for plaintiffs in error.

Mr. JAMES GLYNN, for defendant in error.

WILSON, P. J.

    By this suit the plaintiff Olson sought to perpetually enjoin the sale of certain real estate by the sheriff, Daniels, one of defendants, under an execution

issued out of the office of the clerk of the district court of Lake county on a transcript of a judgment of a justice's court of the same county against him, and in favor of defendant Jones. It appeared from the complaint that the judgment was rendered by the justice on December 19, 1898, that on December 23, a transcript thereof was filed in the office of the clerk of the district court of the county, and that, on the same day, an execution was issued thereon by said clerk, and placed in the hands of the defendant sheriff, who levied upon the real estate, by causing to be published in a newspaper a notice of such levy, and that he would sell the property on the 25th of January following, and by filing a copy of said notice with the clerk and recorder of the county. On January 24, the day previous to the advertised date of sheriff's sale, the plaintiff Olson took such steps as were necessary to declare the premises advertised for sale to be his homestead, so as to exempt it from levy and sale upon execution. The defendants demurred generally, and also specially, upon the ground that the lien by levy of execution attached to the land before the entry of homestead was made and entered. This demurrer was overruled. Defendants failing to answer, judgment was rendered against them.

The contention of defendant in error in support of the ruling of the court is that the plaintiff in the judgment having failed to file the justice's transcript in the office of the recorder of the county as required by statute, in order to give a judgment lien, had acquired no lien for his judgment, and that the mere issuance or levy of an execution being insufficient to give a lien, the homestead entry or withdrawal having been made before the sale was sufficient, and that the property thereupon became exempt. To this point counsel direct almost their entire brief.

A diligent and careful reading of the complaint fails to disclose anywhere an allegation that there had been a failure to file a transcript of the judgment in the office of the county recorder so as to initiate a judgment lien in the statutory manner. This question, therefore, even if material, could not be considered. It is wholly immaterial, however, to the determination of this suit as now pending in this court on error, or, in fact, of the cause upon its merits. It matters not whether the transcript of the judgment had or had not been filed in the recorder's office prior to the attempted dedication of the real estate as a homestead. Irrespective of this the complaint alleges sufficient facts to show not only that it did not state a cause of action against the defendant, but also that upon trial on the merits, taking the conceded facts, judgment should have been in favor of the defendant. The statute provides that a homestead claimed in the proper manner shall be "exempt from execution and attachment." In *Barnett et al. v. Knight et al.*, 7 Colo. 371, the court said: "We think that under our statute, the householder is in ample time if he records this election before a lien attaches in favor of his creditor." Upon reason, we think the converse of the proposition would also be true. The householder would not be in time to avail himself of the exemption if he recorded the election after the lien of an execution or attachment attached. This conclusion would seem also to be in accord with, and to necessarily follow from the principles enunciated both by the supreme court and by this court in construing the homestead law in other cases. In *Woodward v. National Bank*, 2 Colo. App. 372, this court said: "The homestead is 'exempt from execution or attachment.' The property in question not having been subjected specifically to the judgment lien by the levy of an execution before it was withdrawn as

a homestead, it was exempted from the levy of the execution. * * * The plaintiff in error, having designated the land as homestead before the execution was sued out, the property was exempt from its operation." This has been expressly approved by the supreme court.—*Weare v. Johnson,* 20 Colo. 366.

In the case at bar the execution had not only been sued out, but had actually been levied upon the property before the plaintiff took any steps to avail himself of the statutory privilege of exemption. The lien of the execution had already attached by virtue of the levy, and his efforts to obtain exemption came too late. The homestead law should be, and is, liberally construed, but it would be carrying construction beyond all reason, as well as beyond all precedent, to hold that the legislature intended to give a householder the right of exemption from execution after the property had been actually levied upon, and taken under execution, and the lien of the execution had attached. This would be unwarranted interference with vested rights, and neither the language nor reason of the statute would justify such a construction.

Plaintiff seems to deny, however, that there was a legal or sufficient levy of the execution. We think that there was. The statute of Colorado prescribes no particular method of procedure for the levy of an execution upon real estate where the property is in the same county in which the judgment is rendered, or in which the execution is issued. As to how it shall be made, or how it should be evidenced, the statute is silent. In considering this question, this court said: "As the officer cannot reduce the land to possession, or do any act upon it against the will of the owner, all that can be required is, that he designate the particular land which he intends to subject to his execution in such a way that it may be identi-

fied, and this he can do without leaving his office if he has the proper information. The designation is a mental act; but, in order that it may be valid as a levy, it must be embodied in some visible memorial— some record of what was done, accessible to the judg- ment debtor and to the public. Strictly speaking, the record is not itself a levy; it is merely the evi- dence that the levy was made, but as the statute does not require that the record shall be made upon the writ, no reason is apparent why it may not be made elsewhere, provided it is equally public and perma- nent.''—*Herr v. Broadwell,* 5 Colo. App. 470. In that case the sheriff, upon receipt of the execution adver- tised the realty for sale, and in the advertisement set forth that he had levied upon the property by virtue of the executions, and the advertisement was incor- porated into his return upon the writs. This was held to be a record of the levy, which was made in such a manner that it was notice to all the world of the fact. The levy was held to be valid, and the evidence of it sufficient. We think the case under consideration is stronger than that in support of a levy. Here it ap- pears, according to the complaint, that the sheriff immediately upon the return of the execution, made out and published in a newspaper a notice of sale under execution, in which the execution was described and a statement made that he had levied it upon the property of the plaintiff now in controversy, and that in addition to this he had filed a copy of such notice of sale with the clerk and recorder of the county long prior to the time when plaintiff sought to avail himself of the homestead law.

The contention of plaintiff that the levy was in- valid because the sheriff had not made a record of it upon the records in his office, is without force.—*Herr v. Broadwell, supra.*

For these reasons we are of opinion that the

demurrer to the complaint, both as to its general and special grounds, should have been sustained, and that upon the facts as stated by the plaintiff with reference to the issue and levy of the execution, and the attempted homestead withdrawal, the defendants would be entitled to judgment.

The judgment will be reversed.

*Reversed.*