## No. 11,096.

### STERLING NATIONAL BANK *v.* FRANCIS, ET AL.

Decided November 2, 1925.

Action to foreclose judgment lien on real estate. Judgment for defendants.

*Affirmed.*

1. HOMESTEAD—*Exemption.* Real estate which has not been subjected specifically to a judgment lien by levy of execution or writ of attachment before it is homesteaded, is exempt from execution and sale.

2. COURTS—*Stare Decisis.* Courts will not, under the doctrine of stare decisis, interfere with what has become the settled rule of property in the state.

3. APPEAL AND ERROR—*Change of Theory.* A party may not change the theory upon which he litigates his case in the trial court when he reaches the Supreme Court.

4. HOMESTEAD—*Judgment—Pleading.* Where a creditor seeks to subject real estate, upon which there is a homestead, to his judgment, upon the ground that his debt is of an excepted class or one against which the homestead exemption cannot be claimed, he must in his pleading allege the ultimate facts upon which his claims are based.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

Messrs. NAUGLE & LEH, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

SECTION 5898, C. L. 1921, provides that from the time of the filing with the county recorder of the transcript

of the docket entry, a judgment of a court of record shall become a lien upon all the real property of such judgment debtor, not exempt from execution in such county owned by him, or which he may afterwards acquire until such lien expires. Section 5924, provides: "Every householder in the state of Colorado, being the head of a family, shall be entitled to a homestead not exceeding in value the sum of two thousand dollars, exempt from execution and attachment, arising from any debt, contract or civil obligation."

The plaintiff bank now in the hands of a receiver, was the assignee of a judgment against Mr. and Mrs. Francis, the defendants. A transcript of this judgment was filed with the county clerk and recorder of the county in which the lands are situate. Before an execution was sued out the defendants caused to be entered the word "homestead" on the margin of the record of their deed covering this land. Instead of suing out an execution and making a levy thereof upon the land, the judgment creditor brought the pending action in equity for a foreclosure of its lien on the land created by the filing of the transcript and for a special execution under which it might sell the property for the purpose of satisfying the judgment debt. The demurrer of the defendants on the ground that the complaint did not state a cause of action was sustained by the court and the action was dismissed and the judgment creditor is here with its writ of error.

1. The question for decision is whether the lien of this judgment, not aided by an execution before the homestead was acquired, is superior to the homestead right of the defendants? In other words, is such a homestead subject to be sold under the execution in satisfaction of the judgment? The plaintiff in error claims that under such a state of facts the majority of the courts in this country hold that a lien of a judgment existing prior to the perfection of the homestead right is superior to the latter and the land may be subjected to the satisfaction and discharge of the judgment. It cites 13 R. C. L. p. 615, § 75, and a list of cases from various jurisdictions.

On page 616 of R. C. L. the author says that the courts of some jurisdictions hold that where a judgment lien has attached to land belonging to the judgment debtor and the latter subsequently occupies the land for homestead purposes, such subsequent occupation divests the land of any judgment lien which might otherwise attach to it. We are relieved of the necessity of entering upon any extended discussion of this question. Whatever may be the rule in other jurisdictions the settled rule of the appellate courts in this state for more than thirty years has been that real estate which has not been subjected specifically to a judgment lien by a levy of execution or writ of attachment before it is homesteaded is exempt from execution and sale. The first case was decided in the year 1892, *Woodward v. People's Natl. Bank,* 2 Colo. App. 369, 31 Pac. 184. Two years later in *Weare v. Johnson,* 20 Colo. 363, 38 Pac. 374, we approved and followed the Woodward case, observing: "The effect of the special statute, as well as that of the general law, is set forth in the opinion in *Woodward v. People's Nat. Bank,* 2 Colo. App. 369, so clearly as to relieve us from any extended review of the question."

In *Jones v. Olson,* 17 Colo. App. 144, 67 Pac. 349, our Court of Appeals recognizing the rule established in the Woodward case and approved in *Weare v. Johnson,* distinguished the case then before it by the fact that therein the execution had not only been sued out but had actually been levied upon the property before the homestead claimant had taken any steps to avail himself of the statutory privilege of exemption. In *White v. Hartman,* 26 Colo. App. 475, 145 Pac. 716, our Court of Appeals refers approvingly to the decision in the three preceding cases in this court and the Court of Appeals first above cited. Such having been the law of this state for more than thirty years, we shall not review the conflicting decisions or overrule our own cases. Doubtless many rights have been acquired upon the strength of our previous decisions. Neither the people nor the general assembly have seen

fit to change the statutory law as interpreted by its courts and we shall not, under the doctrine of stare decisis, interfere with what has become a settled rule of property in this state. We mention only one recent case, *Paulson v. Hurlburt,* 93 Ore. 419, 183 Pac. 937, where our ruling and similar ones in other jurisdictions have been cited as precedents and followed. The opinion is a lengthy one and many cases are examined.

2. There is a further contention of the plaintiff in error that the judgment under review should be reversed because there is nothing in the record which indicates that the defendant in error was the head of a family or that he and his family were residing upon the land. Plaintiff in error is not entitled to be heard upon this objection. In its complaint there is an allegation that the entry in the margin of the record in the proper office was made but the "notice and claim are junior and inferior to the rights of the plaintiff." The plaintiff's theory below was, and the case was tried upon it, that the only defect in the defendants' homestead right was that the record entry was made after its transcript of judgment was filed, but before an execution under the judgment was sued out. A party may not change his theory when he reaches the Supreme Court. He is restricted to that adopted in the trial court.

An additional reason is that if the plaintiff wished to rely upon noncompliance in other particulars by the homestead claimants with the essential provisions of the statute to perfect their homestead right, it should have pleaded these defects in its complaint. If the creditor seeks to subject property to his judgment upon the ground that his debt is of an excepted class, or one against which the homestead exemption cannot be claimed, he has the burden of proving this fact and, of course, he must in his pleading allege the ultimate facts showing that the homestead claimant has not brought himself within the exemption statute. *Edson-Keith v. Bedwell,* 52 Colo. 310, 316, 122 Pac. 392; 29 C. J. p. 988, § 459 (8).

We think the district court was right in its statement, made in upholding the demurrer to the complaint, that this court had held that a general lien created by the filing of a transcript of a judgment would not be prior to a homestead, and the homestead property could not be subjected to the payment of a judgment, unless a specific lien had attached through a writ of attachment or execution before the homestead right was acquired.

The judgment of the district court is affirmed.