## No. 12,799.

### BEAN v. EVES ET AL.
(20 P. [2d] 544)

Decided March 13, 1933. Rehearing denied April 4, 1933.

Mr. Edwin N. Burdick, Mr. Clarence O. Moore, for plaintiff in error.

Mr. Harold G. King, for defendants in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

Suit to enjoin foreclosure of a trust deed, and to establish priority of a homestead exemption claim. A cross-suit by defendant Eves for possession of the property is involved. On trial plaintiff's suit was dismissed and the relief sought by defendant was granted. Plaintiff prosecutes error.

It appears that in January, 1927, plaintiff's husband purchased the property, and simultaneously with receipt of conveyance he executed and delivered a note to the grantor in evidence of part of the purchase price, and a trust deed on same property to secure it; that the deed was dated January 6 and the trust deed January 7, 1927, and both were acknowledged and recorded on the latter date; that during the negotiations leading up to the transfer of the property, as well as when the transaction was closed, plaintiff was present with her husband; that subsequently, and before maturity, the holder of the note, for value, assigned it to Eves; that January 4, 1930, the note being in default, Eves, through defendant Peck, as public trustee, commenced foreclosure proceedings, and February 4, 1930, formal sale occurred, when Eves became the purchaser and received certificate of purchase; that January 21, 1930, plaintiff made formal homestead entry on the margin of the record of her husband's deed, and based thereon seeks to have the trust deed, and rights

which have grown out of its foreclosure, postponed to her homestead claim.

The suit was tried on plaintiff's amended complaint, filed November 18, 1930, where she pleaded her homestead entry as indicated, and Eves, answer and cross complaint, filed November 26, 1930, in which she set forth the matter of the trust deed and its foreclosure, as already narrated, but with the additional allegation, which was established, that pending the forming of issues, no restraining order having been granted, and prior to the filing of the amended complaint, she received trustee's deed to the premises, and prayed for immediate possession.

Plaintiff relies on sections 5925 and 5929, C. L. '21, the first section providing the manner of filing claim of homestead, and the second how property burdened with such filing may be encumbered, the requirement being that both husband and wife shall join in executing the lien sought to be created. We are constrained to believe that neither section has application here. When the trust deed was given plaintiff's homestead entry had not been made, nor did she seek to impress it until some three years later, and after default in the obligation and formal foreclosure of the trust deed was in process. The statute does not contemplate uncertainties. From the language of the enactment we may not deduce any purpose to make the entry retroactive. It is the entry that gives potency to the right, and until avail is made of the statute in the manner provided, the right is inchoate, incomplete, not full, hence not to be preferred over a lawful, definite and specific lien previously established. *Runyan v. Snyder,* 45 Colo. 156, 100 Pac. 420; *Wells v. Caywood,* 3 Colo. 487; *White v. Hartman,* 26 Colo. App. 475, 145 Pac. 716; 29 C. J. 863. And the rule is emphasized where, as here, the trust deed sought to be subordinated to a homestead entry was given to secure purchase money. 29 C. J. 864.

We have not failed to note *Sterling Bank v.*

*Francis,* 78 Colo. 204, 240 Pac. 945, and *Weare v. Johnson,* 20 Colo. 363, 38 Pac. 374, decisions to the effect that unless made specific by levy under execution, a general lien created by filing a transcript of judgment must yield to an intervening homestead entry. The same doctrine is announced on a reverse state of facts in *Jones v. Olson,* 17 Colo. App. 144, 67 Pac. 349. See, also, *Woodward v. People's Nat. Bank,* 2 Colo. App. 369, 31 Pac. 184. But in these cases it clearly appears that the determination rests solely on the existence or lack of a specific lien on definite property, as distinguished from a general or blanket statutory lien resulting through filing a transcript of judgment. Another statement of the rule is that, until specifically levied upon, a general judgment lien is not of such character as to preclude the withdrawal as a homestead of property otherwise subject to homestead. *Woodward v. People's Nat. Bank, supra.* In a conflict between a homestead entry claimant and another lienor, the controlling factor, as we perceive the revelation, is that if the lien which the homestead entryman would supplant precedes in time of record, and is specific and definite as to the property involved, it holds its preference. On authority and reason, as we are persuaded, the trial court rightly resolved the issues, and the judgment is affirmed.

Mr. Justice Campbell dissents.

Mr. Justice Campbell, dissenting.

I dissent for the reasons expressed in an opinion which was prepared on the supposition that the judgment should be reversed. As it still expresses my views, it is now filed as a dissenting opinion.

Plaintiff below, Mrs. Rae Bean, plaintiff in error here, brought this action against Alta M. Eves and the public trustee of the City and County of Denver to enjoin foreclosure of, and to establish a homestead exemption lien upon, Denver city property covered by a trust deed. On issues of fact joined upon a trial to the court without a

jury, the finding was in favor of the defendant Eves, upon which finding judgment of dismissal of the action followed. The material facts as disclosed by the record are succinctly stated by counsel for defendants in error in his brief as follows: January 7, 1927, the plaintiff's husband purchased certain real estate in Denver from one Smedegaard and executed and delivered to the latter a deed of trust securing payment of $6,500, part of the purchase price, the same being evidenced by a promissory note which was subsequently transferred before maturity by endorsement to the defendant herein, Alta M. Eves. In August, 1929, default was made in the payment of the note and noncompliance with the terms and conditions of the trust deed securing the same. The plaintiff herein, Mrs. Bean, did not join with her husband in the execution of this trust deed. More than three years later, January 21, 1930, Mrs. Bean claimed a homestead entry in the property covered by the trust deed by complying with our statute in that respect by the usual marginal entry on the recorded deed in the office of the clerk and recorder of the City and County of Denver. In February, 1930, foreclosure proceedings were commenced under the trust deed and in November, 1930, a trustee's deed was issued to the defendant covering this property. Subsequent to the commencement of the foreclosure proceedings the plaintiff Bean commenced this action now before us seeking to enjoin the foreclosure of the trust deed and to establish a prior lien of $2,000 by virtue of her homestead entry of January 21, 1930, as against the deed of trust executed in January, 1927.

The decisive question below, as here, as the defendant Eves asserts, and as I think rightly, is whether or not the homestead entry of Mrs. Bean, made after the recording of the valid deed of trust, creates a lien in her favor, as the wife of the maker of the trust deed, senior to the lien of the trust deed, particularly, as here, where the deed of trust was given as a part of the purchase price of the real estate in question and contemporaneously with the execution and delivery of the deed thereto?

Counsel for Mrs. Eves strenuously insists that the marginal entry by Mrs. Bean of a homestead upon her recorded deed, in compliance with section 5925, C. L. 1921, will not defeat the pre-existing lien of the recorded deed of trust which, as here, was given to secure part of the purchase money of the property in question. To this proposition is cited: 29 C. J., p. 863, §208, p. 864, §212; *Wells v. Caywood,* 3 Colo. 487, 498; *White v. Hartman,* 26 Colo. App. 475, 145 Pac. 716; and *Runyan v. Snyder,* 45 Colo. 156, 100 Pac. 420. Counsel, however, if he has not overlooked, has not called our attention to, 29 C. J., page 859, section 202, which states that in some jurisdictions it is held that general obligations existing prior to the establishment of the homestead right will not be defeated where the debtor subsequently claims that the premises are his home. The author, however, states that the rule is apparently otherwise in some states, including Colorado, where liens attaching by operation of law, such as judgment liens are suspended by homestead exemption perfected at any time before the premises have actually been sold thereunder, and cites, among other cases, *Weare v. Johnson,* 20 Colo. 363, 38 Pac. 374; *Barnett v. Knight,* 7 Colo. 365, 3 Pac. 747.

In the view I take of this case I do not find it necessary to go beyond our own decisions in the determination of the present controversy. A late case in our own reports upon this question is *Sterling Bank v. Francis,* 78 Colo. 204, 240 Pac. 945. In the opinion at page 205 we said: "The question for decision is whether the lien of this judgment, not aided by an execution before the homestead was acquired, is superior to the homestead right of the defendants?" This question is answered at page 206 of the opinion where we said: "We are relieved of the necessity of entering upon any extended discussion of this question. Whatever may be the rule in other jurisdictions the settled rule of the appellate courts in this state for more than thirty years has been that real estate which has not been subjected specifically to a judgment lien by a levy of execution or writ of at-

tachment before it is homesteaded is exempt from execution and sale.'' We further said in the opinion at page 206: ''In *Jones v. Olson,* 17 Colo. App. 144, 67 Pac. 349, our Court of Appeals recognizing the rule established in the Woodward case, [Woodward v. People's Nat. Bank, 2 Colo. App. 369], and approved in *Weare v. Johnson* [20 Colo. 363], distinguished the case then before it by the fact that therein the execution had not only been sued out but had actually been levied upon the property before the homestead claimant had taken any steps to avail himself of the statutory privilege of exemption.'' In *White v. Hartman,* 26 Colo. App. 475, 145 Pac. 716, our Court of Appeals refers approvingly to the decision in *Weare v. Johnson, supra,* and *Jones v. Olson, supra.* In the White-Hartman case the lien in question was not general but specific. In the case now before us for review the real estate in question was not subjected specifically to a judgment lien either by levy of execution or writ of attachment before it was homesteaded by the plaintiff in this case.

The opinion of the majority, in effect, reverses a long line of our decisions extending over many years. For the reasons above given I think the judgment should be reversed.