SUIT to enjoin foreclosure of a trust deed, and to establish priority of a homestead exemption claim. A cross-suit by defendant Eves for possession of the property is involved. On trial plaintiff's suit was dismissed and the relief sought by defendant was granted. Plaintiff prosecutes error.
It appears that in January, 1927, plaintiff's husband purchased the property, and simultaneously with receipt of conveyance he executed and delivered a note to the grantor in evidence of part of the purchase price, and a trust deed on same property to secure it; that the deed was dated January 6 and the trust deed January 7, 1927, and both were acknowledged and recorded on the latter date; that during the negotiations leading up to the transfer of the property, as well as when the transaction was closed, plaintiff was present with her husband; that subsequently, and before maturity, the holder of the note, for value, assigned it to Eves; that January 4, 1930, the note being in default, Eves, through defendant Peck, as public trustee, commenced foreclosure proceedings, and February 4, 1930, formal sale occurred, when Eves became the purchaser and received certificate of purchase; that January 21, 1930, plaintiff made formal homestead entry on the margin of the record of her husband's deed, and based thereon seeks to have the trust deed, and rights *Page 341 
which have grown out of its foreclosure, postponed to her homestead claim.
The suit was tried on plaintiff's amended complaint, filed November 18, 1930, where she pleaded her homestead entry as indicated, and Eves, answer and cross complaint, filed November 26, 1930, in which she set forth the matter of the trust deed and its foreclosure, as already narrated, but with the additional allegation, which was established, that pending the forming of issues, no restraining order having been granted, and prior to the filing of the amended complaint, she received trustee's deed to the premises, and prayed for immediate possession.
[1] Plaintiff relies on sections 5925 and 5929, C. L. '21, the first section providing the manner of filing claim of homestead, and the second how property burdened with such filing may be encumbered, the requirement being that both husband and wife shall join in executing the lien sought to be created. We are constrained to believe that neither section has application here. When the trust deed was given plaintiff's homestead entry had not been made, nor did she seek to impress it until some three years later, and after default in the obligation and formal foreclosure of the trust deed was in process. The statute does not contemplate uncertainties. From the language of the enactment we may not deduce any purpose to make the entry retroactive. It is the entry that gives potency to the right, and until avail is made of the statute in the manner provided, the right is inchoate, incomplete, not full, hence not to be preferred over a lawful, definite and specific lien previously established. Runyanv. Snyder, 45 Colo. 156, 100 Pac. 420; Wells v. Caywood,3 Colo. 487; White v. Hartman, 26 Colo. App. 475,145 Pac. 716; 29 C. J. 863. And the rule is emphasized where, as here, the trust deed sought to be subordinated to a homestead entry was given to secure purchase money. 29 C. J. 864.
[2] We have not failed to note Sterling Bank v. *Page 342 Francis, 78 Colo. 204, 240 Pac. 945, and Weare v.Johnson, 20 Colo. 363, 38 Pac. 374, decisions to the effect that unless made specific by levy under execution, a general lien created by filing a transcript of judgment must yield to an intervening homestead entry. The same doctrine is announced on a reverse state of facts in Jones v. Olson,17 Colo. App. 144, 67 Pac. 349. See, also, Woodward v.People's Nat. Bank, 2 Colo. App. 369, 31 Pac. 184. But in these cases it clearly appears that the determination rests solely on the existence or lack of a specific lien on definite property, as distinguished from a general or blanket statutory lien resulting through filing a transcript of judgment. Another statement of the rule is that, until specifically levied upon, a general judgment lien is not of such character as to preclude the withdrawal as a homestead of property otherwise subject to homestead. Woodward v. People's Nat. Bank, supra. In a conflict between a homestead entry claimant and another lienor, the controlling factor, as we perceive the revelation, is that if the lien which the homestead entryman would supplant precedes in time of record, and is specific and definite as to the property involved, it holds its preference. On authority and reason, as we are persuaded, the trial court rightly resolved the issues, and the judgment is affirmed.
MR. JUSTICE CAMPBELL dissents.