## No. 13,895.

### Howell et al. *v.* Burch Warehouse and Transfer Company, Inc. et al.

**(67 P. [2d] 73)**

Decided March 29, 1937. Rehearing denied April 19, 1937.

Mr. Roy A. Payton, for plaintiffs in error.

Mr. O. G. Pope, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error filed this action in the district court to enjoin defendants in error, or those acting for them, from selling, under execution and levy, certain lands upon which plaintiff Maude Howell had made marginal record entry of homestead. The exact question now presented, is whether or not an equitable levy, acquired by the filing of a complaint and lis pendens in a suit in the nature of a creditor's bill is superior to a formal claim of homestead made after the equitable levy.

Plaintiffs, Alfred H. Howell and Maude Howell, are husband and wife, and each will be so designated herein or by name. About June, 1919, the husband, by issuance of United States patent, became the owner of 322 acres of land in Pueblo county. The testimony shows this land was acquired under the federal homestead laws. October 29, 1927, the husband by warranty deed conveyed the land to his wife. This deed was not recorded until September 30, 1931. In the meantime, and between October, 1927, and September, 1931, the husband incurred indebtedness which became the basis of two judgments rendered against him January 26, 1932, one in favor of, and the other assigned to, F. J. Burch, one of the defendants in error in this case. February 2, 1932, Burch filed transcripts of these judgments with the clerk and recorder of Pueblo county. On February 18, 1922, he instituted an action in the district court in the nature of a creditor's bill, seeking to set aside the deed from Howell to his wife as a fraud upon creditors, and to subject the land to the lien of the judgments. February 19, 1932, he filed notice of lis pendens, reciting the bringing of the suit and claim of lien on the described property in controversy. February 24, 1932, the wife caused a homestead entry to be entered on the margin of the record of her title under the provisions of C. L. section 5925. Trial was had to the

court, which on September 27, 1934, entered its decree and judgment setting aside the deed from Howell to his wife as a fraud on creditors and decreeing that the real property was subject to the judgments of January 26, 1932, under the notice of lis pendens. On November 28, 1934, Burch caused executions to issue on his judgments and directed the sheriff of the county to levy and sell the lands of Howell, the husband. This levy was made December 6, 1934, and notice given that the sale would be held on January 14, 1935. January 4, 1935, the husband and wife, as plaintiffs, filed the present action for injunction.

Therein it was alleged that at all times mentioned, they, as husband and wife, had resided on the land as a homestead; that it was their only home; that the husband was a householder and head of a family; that the wife caused the word ''homestead'' to be entered in the margin of the record title to the property involved; that defendant Burch did not comply with the provisions of section 5930, C. L. 1921, by filing with the clerk of the district court, the affidavit required by the statute setting forth that the homestead to be levied upon, was of greater value than $2,000. The court, on January 17, 1935, entered its judgment determining that the levy on the property under the judgments should take precedence over the homestead entry and dismissed the action of the plaintiffs. In so doing it seemed to ground the decision upon the fact that the notice of lis pendens was filed prior to the filing of the homestead entry, and therefore the levy on the property under the judgments, should take precedence. In making this ruling the court apparently relied on the case of *Shuck v. Quackenbush*, 75 Colo. 592, 227 Pac. 1041. A study of that case reveals that the filing of notice of lis pendens, together with the filing of the creditor's bill, created a lien at the time of the filing, the effect of which was prevention of interference by third parties pending the action, and the lien thus created was given precedence over the claim of a purchaser holding

under an unrecorded deed taken after commencement of the creditor's suit. The homestead rights of one of the parties defendant in the creditor's bill was not involved in that case as they are here.

Under varying facts, the matter of the priority of a claim of homestead, has been before this court a number of times, and generally, preference has been given to the homestead claim. The decisions otherwise, in each case, however, rest entirely on the nature of the lien if the lands were subjected thereto prior to the assertion of the homestead right. It is well settled in this state by the uniform decisions of our court, beginning with *Weare v. Johnson,* 20 Colo. 363, 38 Pac. 374, and followed by *Jones v. Olson,* 17 Colo. App. 144, 67 Pac. 349; *Sterling Bank v. Francis,* 78 Colo. 204, 240 Pac. 945, and *Bean v. Eves,* 92 Colo. 339, 20 P. (2d) 544, that until lands are subjected to a specific lien, they may be the basis of a claim of homestead exemption by the making of the required marginal entry on the record of title. The cases wherein lis pendens is discussed as affecting the matter of priority as a lien, are those in which it is relative to a purchaser or one occupying a like status, during the litigation. As between the immediate parties a lis pendens is without office.

The claim of a homestead exemption by a debtor or his wife, when parties to the suit, is for the preservation of a legal right, and the claimant is not relegated to the status of a purchaser who, having notice, accepts the perils of the outcome of litigation involving the property. In the instant case, if the debtor husband owned land, it was subject to the liens based on the judgments. It also was subject to a claim of the wife for the homestead exemption, to the extent of $2,000. *McPhee v. O'Rourke,* 10 Colo. 301, 15 Pac. 420; *Tibbetts v. Terrill,* 44 Colo. 94, 96 Pac. 978. When the husband conveyed to the wife prior to judgment, then, until otherwise determined, she could rely on ownership in fee, which would obviate the exercise of her homestead rights; however, when she

withheld her deed from record, she lost her right to hold the property as an entirety against the creditors of her husband the grantor. This status, not now denied by her, was found by the court, and it adjudged the conveyance to be a constructive fraud upon the creditors. It is to be borne in mind that Mrs. Howell made her homestead entry before the deed to her was set aside, and immediately or within a few days after the institution of the suit questioning the validity of her deed, thus protecting her homestead right against an adverse decision on the question of full ownership.

There is nothing in the record before us to indicate that the wife had knowledge of the method by which the husband obtained the credit which later became the basis of the judgments; neither is there anything therein to indicate that she either took title from her husband, or withheld her conveyance from record, for the purpose of hindering, delaying or defrauding his creditors. It must be remembered, however, that she recorded her deed before suit on the husband's indebtedness was instituted by the creditors. She could at any time, during their occupancy of the land, have asserted her homestead right, and the fact, if it be a fact, that she did so for the purpose of protecting that right against known creditors of her husband, is immaterial, because even such purpose does not vitiate the homestead right. *McPhee v. O'Rourke, supra.* This is no fraud upon creditors who extended the credit presumably with full knowledge of the statutory homestead provisions. Entering the land years before; occupying it at all times with her husband as a homestead; then receiving title thereto from her husband for, so far as the record discloses, good and sufficient consideration, she was not called upon to assert her homestead right until it appeared that its preservation was necessary and when she made the homestead entry after her position as owner was threatened by the creditor's suit, her exemption established thereby must be given priority, to the extent of the homestead valua-

tion, over the liens against the interests of the husband in the lands. On the face of the situation at the beginning of the creditor's suit to set aside the deed to her, she clearly was entitled to one of two alternatives: Either, first, to maintain her position as owner of the entirety, or, second, to preserve to herself the homestead exemption. In the first, she was unsuccessful because of the court finding, which she apparently accepted, that the conveyance to her should be set aside; therefore, the marginal homestead entry made by her prior to such judgment of the court, has the preference, and is given priority, over the lien established against the husband's interest in the land. The preservation of the home, provided by the homestead statute, is of paramount importance and is recognized as superior to the interests of creditors.

While it can in no way affect the outcome in this case, it is significant to note, as appears from the record, that February 4, 1935, the trial court, in accordance with an order of the United States district court, ordered that the sheriff's sale in this case be stayed and continued until the further order of the court.

The judgment is reversed.

Mr. Justice Bouck concurs in the conclusion herein.