**In re Richard Lee LEPKA and Patti Lepka, Debtors.**

**Bankruptcy No. 89–B–04062–J.**

United States Bankruptcy Court, D. Colorado.

Sept. 22, 1989.

Stephen J. Timm, Aurora, Colo., for debtors.

Tom H. Connolly, Glenwood, Colo., Trustee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for a telephonic hearing (without a reporter) on September 14, 1989, on Trustee's Objection to Debtors' Exemption Claim.

The facts are not in dispute. On the date of filing their Chapter 7 bankruptcy petition, the Debtors owned a pick-up camper shell. The camper is not, and never was, self-propelled, nor did it ever have wheels. It was designed to fit into the bed of a pick-up truck. The camper is not a "motor vehicle" as defined in C.R.S. § 42–6–102 and has never been required to have a certificate of title as such. The Debtors had removed the camper from a pick-up, placed it on the ground in a non-permanent manner, on real property which they owned and which real property had no other improvements. On the date of the petition, the Debtors were living in the camper and intended it to be their home, at least until they constructed a more traditional home on the real property. Since the filing of their petition, the Debtors have continued to live in the camper and have started work on the foundation for a house. The Debtors claimed as exempt the value of the real property ($6,000.00) under C.R.S. § 38–41–201.

The statute under which Debtors claim the exemption is the general homestead exemption statute of Colorado which provides:

Every homestead in the State of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encum-

brances on the homesteaded property in existence at the time of any levy of execution thereon. C.R.S. § 38–41–201.

A "homestead" is defined as follows:

The homestead mentioned in [§ 38–41–201] may consist of a house and lot or lots or of a farm consisting of any number of acres. C.R.S. § 38–41–205.

The Trustee asserts that the camper is not a "house" within the meaning of the statute, and therefore, the camper and the real property do not qualify to be a "homestead".

The Colorado courts have consistently held that exemption statutes are to be liberally construed to effect the intent of the legislature. See, e.g., *Barnett v. Knight*, 7 Colo. 365, 3 P. 747 (1884). Further, the Colorado courts have held that the intent of the homestead legislation is two-fold: First, the beneficent design of protecting the citizen and his family from the miseries of destitution; and, second, the sound public policy of securing the permanent habitation of the family, and cultivating the local interest, pride, and affection of the individual, so essential to the stability and prosperity of a government. *Weare v. Johnson*, 20 Colo. 363, 38 P. 374 (1894).

A "house" is defined as a structure serving as a dwelling for one or several families; a place of abode or residence. A "home" is defined as a place where one lives; the physical structure or portion thereof within which one lives, as a house or apartment. *The American Heritage Dictionary of the English Language*, (Wm. Morris ed. 1976).

Even though the camper is not a traditional "house", it does serve as the home and dwelling for the Debtors. It is, therefore,

ORDERED that the Trustee's Objection to Debtors' Exemption Claim is denied and that the Debtors' claim of exemption to the camper and real property is allowed.