**In re Therese Ann WALSH, Debtor.**

**No. 03–12843 HRT.**

United States Bankruptcy Court,
D. Colorado.

Aug. 21, 2003.

Andrew L. Cameron, Denver, CO, for Debtor.

### ORDER RE: TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION AND MOTION FOR TURNOVER OF NON-EXEMPT PROPERTY

HOWARD R. TALLMAN, Bankruptcy Judge.

This case comes before the Court on Trustee's Objection to Claim of Exemption and Motion for Turnover of Property of the Estate and the Debtor's Response thereto. The Court will sustain the Trustee's objection and grant the motion for turnover.

A court will not disturb a debtor's claim of exemption unless a timely objection is made by an interested party. 11 U.S.C. § 522(*l*); *see also Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). It is the Trustee's burden in this case to demonstrate that the exemption is improperly claimed. Fed. R. Bankr.P. 4003(c). The Court construes the exemption statutes broadly in favor of debtors, so that the statutes may achieve their purpose. *Finance Acceptance Company v. Breaux*, 160 Colo. 510, 419 P.2d 955, 957–58 (1966) ("The whole spirit of these acts is such that it was intended to protect the exempt property from all manner of coercive process of the law ..."); *Rutter v. Shumway*, 16 Colo. 95, 26 P. 321, 323 (1891); *Jones v. Olson*, 17 Colo.App. 144, 67 P. 349, 350 (1902) ("The homestead law should be and is liberally construed ..."). Nonetheless, the Court is constrained by the clear language of the statute, *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989), and it cannot pound a square peg in a round hole to attain the objective which the Debtor is hoping for in this case.

The Court finds that the Trustee has met her burden to prove that the exemption claimed by the Debtor in this case is improper.

At her § 341 meeting, the Debtor disclosed to the Trustee that she had received an income tax refund for the year 2002 in the amount of $3,816.00. She modified her claim of exemptions to include that refund and claimed it to be exempt under Colo. Rev.Stat. § 13–54–102(1)(*o*) which allows a debtor to exempt "[t]he full amount of any federal or state earned income tax credit refund." Colo.Rev.Stat. § 13–54–102(1)(*o*). The actual amount of credit claimed for adoption expenses on Debtor's 2002 income tax return is $3,431.00.

The issue for the Court is whether the $3,816.00 income tax refund received by the Debtor for the tax year 2002 is exempt property where the Debtor claimed an adoption expense credit on her tax return in the amount of $3,431.00 and where Colorado's exemption statute provides an exemption for a refund of state or federal earned income tax credit.

In 2000, the legislature amended Colo.Rev.Stat. § 13–54–102 to, among other changes, include an exemption for those debtors who receive a refund of their claimed earned income credit. The Earned Income Credit is a particular program "for certain people who work and have earned income under $34,178." IN-

TERNAL REVENUE SERVICE, DEP'T OF THE TREASURY, PUBLICATION 596, EARNED INCOME CREDIT (EIC) at 1 (2002). The tax credit available to certain taxpayers under this program is based upon the amount of *earned income* and is calculated as a percentage of that income. 26 U.S.C. § 32. The Earned Income Credit is unique. It is a refundable credit that may result in a refund that is greater than the amount of withholding tax paid by the worker during the tax year. CONGRESSIONAL RESEARCH SERVICE, THE EARNED INCOME TAX CREDIT: A GROWING FORM OF AID TO LOW-INCOME WORKERS at 1 (1993) ("The [Earned Income Tax Credit] is the only tax credit that yields a grant when a filer's credit exceeds income tax liability").[1]

■■ In contrast to that program is the credit for adoption expenses which is available to taxpayers with a modified AGI [adjusted gross income] of less than $190,000.00 and the credit is based upon the amount of certain expenses relating to the adoption of a child. INTERNAL REVENUE SERVICE, DEP'T OF THE TREASURY, INSTRUCTIONS FOR FORM 8839 at 1 (2003). Importantly, the credit available for adoption expenses, like most other credits, is limited to the amount of the taxpayer's tax liability. 26 U.S.C. § 23(b)(4). Thus, it is not refundable.

The very structure of the Debtor's tax form bears this out. Lines 45 through 53 of the form relate to various credits which may be applied against Debtor's tax liability. Debtor claimed her adoption credit on line 51. The Earned Income Credit appears in an entirely different place, in the "Payments" section on line 64 where no credit is claimed because Debtor does not qualify for that credit. As a function of including a refundable credit such as Earned Income Credit in the "Payments" section of the form, it is possible to get a refund of that credit even when tax liability is $0 or there was no withholding tax paid during the year.[2]

■ Debtor's position is that since earned income is an element of qualifying for the credit for adoption expenses, it must be an earned income tax credit which qualifies for exemption under the statute. But, contrary to Debtor's position, *earned* income is not an element of eligibility for the adoption expense credit at all. The income eligibility for that credit is based on AGI. 26 U.S.C.A. § 23. A taxpayer's AGI need not include any *earned* income whatever and could be comprised entirely of *unearned* income sources such as interest, dividends, and capital gains. INTERNAL REVENUE SERVICE, DEP'T OF THE TREASURY, FORM 1040, U.S. INDIVIDUAL INCOME TAX RETURN at 1, (2002).

1. Since this report was written, another refundable credit has been added. That is the $600.00 additional child tax credit.

2. For the purposes of this decision, it is not necessary to parse the language of the statute too finely. However, the Court does observe that the statute exempts an "earned income tax credit *refund.*" But under no circumstances can the Debtor even get a *refund* of her adoption expense credit. The only function of a non-refundable credit such as the adoption expense credit is to reduce the taxpayer's tax liability. In Debtor's case, after application of her adoption credit and a child

care credit, she was able to reduce her tax liability to $0. Consequently, Debtor's tax refund consists solely of refunded withholding tax and the new refundable additional child tax credit. Had the Debtor qualified for an Earned Income Credit, it would have been claimed on her tax form under the "Payments" section along with the amount of taxes withheld, other tax payments made and the other refundable credit. Thus, it seems to the Court, the only amounts that a taxpayer can actually get a *refund* of would have to be the amounts listed under that "Payments" section of the tax form.

The Court must conclude that the statutory language in Colo.Rev.Stat. 13–54–102 means precisely what it says and refers to the very unique tax credit program which is based upon *earned* income. It does not create a generic exemption for all tax credits which use income as a qualifying factor. To accept Debtor' construction of the statute would create an anomaly within the exemption statute. It would greatly expand the exemption to include taxpayers with very substantial income. The Court believes that, if the state legislature had intended such a result, it could have easily provided an exemption for all refunds based upon any state or federal tax credit. It did not do so. It chose the use the far more limited language of "earned income tax credit refund." At the federal level, there is only one Earned Income Credit. Consistent with the remainder of the exemption statute, that credit is targeted at persons of modest means. The Court would be stretching the statutory language of Colo.Rev.Stat. 13–54–102(1)(o) beyond all recognition to try to include within that language a credit such as the credit for adoption expenses. Consequently, it is

**ORDERED** that Trustee's Objection to Claim of Exemption is hereby SUSTAINED; it is further

**ORDERED** that Trustee's Motion for Turnover of Property of the Estate is hereby GRANTED. Debtor shall turn over to the Trustee the non-exempt property detailed in Trustee's Motion.