Thomson, P. J.,
delivered the opinion of the court.
The plaintiffs were husband and wife, and occupied certain rooms of the defendants as their tenants. The plaintiffs *504 failed to pay the rent due for the rooms, and the defendants detained trunks and furniture in the possession of the plaintiffs, or in the possession of one of them, out of which to make the amount of the unpaid rent. The plaintiffs then brought replevin before a justice of the peace, and seized the goods. The justice rendered judgment against them, and they appealed to the county court, where the cause was again tried with the same result. They are here by appeal, seeking a reversal of the last judgment. The ground on which they base their claim is that the goods are by law exempt from liability to seizure for debt.
By an act of the legislature, approved March 26, 1889, it is provided that the keeper of any hotel, tavern or boarding house, or any person who rents furnished or unfurnished rooms, shall have a lien upon the baggage and furniture of his or her patrons, boarders, guests or tenants, for such boarding, lodging or rent, and for all costs incurred in enforcing such lien. Session Laws, 1889, p. 232. The lien so created is enforced by a sale of the property, made by the person having the lien, after an appraisement in the manner prescribed by law, and a notice of the time and place of sale, given as the statute requires. Gen. Stats, secs. 2121, 2122, 2123. Certain enumerated articles of personal property, when owned by any person, being the head of a family, are exempt from levy and sale, upon any execution, writ of attachment, or distress for rent. Gen. Stats, sec. 1866. The common-law process of distress for rent does not now exist hr this state, so that it is only from levy and sale upon execution or writ of attachment that exemption can be claimed. Accordingly every affidavit for replevin must state that the property was not seized under an execution or attachment against the property of the plaintiffs; or, if so seized, that it is exempt from such seizure. Gen. Stats, sec. 2023. Therefore unless property has been seized under execution or attachment, replevin for it does not lie on the ground that it is exempt from seizure.
The property in controversy had not been seized by virtue *505 of any execution or writ of attachment. It was in the possession of the defendants, it is true, but they based their right of possession solely upon the lien to which the statute entitled them, and the validity of their lien was dependent upon their possession. While property may be exempt from levy, there is no statute which exempts it from lien. It follows that as to this property, and as against these defendants, there is no right of exemption in the plaintiffs.
The affidavit for replevin is not in the record. We therefore do not lmow what it contained. If it stated that the property had been seized under an execution or writ of attachment, it was not true; and if it did not state that it had been so seized, it was not good. And, not having the affidavit before us, we are unable to understand why the husband and wife were joined as plaintiffs. It is stipulated that the husband was the head of the family. Such being the case, it was only in his favor, and as to property owned by him, that an exemption could be allowed. If the property was owned by some other member of the-family, it would not be exempt; and from the fact that the husband and wife were made joint plaintiffs, it is inferable that the affidavit contained some statement concerning the ownership of the property inconsistent with a right of exemption in the husband. Upon the record as it has been presented to us, we must affirm the judgment.

Affirmed.