In re Julia Claire Novak ADAMS fka Julia Claire Amada, Debtor.

Julia Claire Novak ADAMS, Plaintiff,

v.

Kenneth AMADA, Defendant.

Bankruptcy No. 81–00170.
Adv. No. 81–0533.

United States Bankruptcy Court,
N.D. Iowa,
Cedar Rapids Division.

June 7, 1982.

R. Fred Dumbaugh, Cedar Rapids, Iowa, for plaintiff.

Thomas D. Hobart and William L. Meardon, Meardon, Sueppel, Downer & Hayes, Iowa City, Iowa, for defendant.

## ORDER Finding Property Not Exempt as to Former Spouse; ORDER Dismissing Complaint

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is the Debtor Julia Claire Novak Adams' 11 U.S.C. § 522(f)(1) Complaint to avoid the judicial lien held by Kenneth Amada in her real property. Trial was held on Plaintiff's 11 U.S.C. § 522(f)(1) Complaint. Present were: R. Fred Dumbaugh, Attorney for Plaintiff; William L. Meardon, Attorney for the Defendant. The parties submitted the case upon stipulation and further stipulated to the introduction into evidence of certain exhibits. The matter was then taken under advisement in order to allow the parties an opportunity to submit briefs on the legal issues involved. Such briefs have been submitted. The Court now makes the following Findings of Fact, Conclusions of Law, and Orders.

The Plaintiff and Defendant were once married to each other. On November 25, 1980, their marriage was dissolved pursuant to a Decree of Dissolution of Marriage issued by the Iowa District Court in and for Johnson County. The Decree of Dissolution incorporated a Stipulation by the parties providing for a property settlement between them. In this Stipulation, Defendant was awarded a property division in the amount of $47,000, which the Plaintiff was supposed to pay in installments. The Stipulation further provided that the obligation of the Plaintiff to pay the $47,000 to the Defendant "shall constitute a judgment lien against the real estate being received by the [plaintiff] subject only to the lien of the first mortgage." [1]

It is undisputed that, when the Stipulation was incorporated by the state court in its Decree of Dissolution, the Defendant had a judicial lien against certain real property in the possession of the Plaintiff. The Plaintiff now attempts to avoid this judicial lien pursuant to 11 U.S.C. § 522(f)(1). That section allows a debtor to avoid a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [11 U.S.C. § 522(b)]."

The Plaintiff has claimed the property that is subject to the judicial lien exempt as her homestead. The state law in effect at the time of Plaintiff's Bankruptcy Petition was filed [2] provided:

> The homestead of every family ... is exempt from judicial sale, *where there is no special declaration of statute to the contrary,* and such right shall continue in favor of the party to whom it is adjudged by divorce decree during continued personal occupancy by such party.

§ 561.16, *Code of Iowa* (1981), *amended by* 1st Sess. Acts 1981 (69th G.A.), Senate File 480 (emphasis supplied). As noted, the judicial lien involved herein was granted by the state court pursuant to the state dissolution statute, § 598.21, *Code of Iowa* (1981). The Iowa Supreme Court has held, in interpreting a statutory predecessor to § 598.21, *Code of Iowa* (1981), that the

---

1. The Plaintiff has paid the Defendant $17,000 on this obligation. Thus, the value of this lien is now $30,000 plus the amount of interest that the Defendant may recover pursuant to 11 U.S.C. § 506.

2. The Iowa homestead statute was amended by 1st Sess.Acts 1981 (69th G.A.), Senate File 480, effective on July 1, 1981, for all bankruptcy petitions filed on or after that date. This amendment entitles single persons to now claim their homestead exemption in Iowa. The Plaintiff filed her bankruptcy petition prior to July 1, 1981, and her homestead exemption claim is, therefore, governed by the version of the statute set forth in the text above.

state dissolution statute is just such a "special declaration of statute to the contrary" of the homestead exemption granted by Iowa law. *Kobriger v. Winter,* 263 N.W.2d 892, 893–894 (Iowa, 1978). The effect of a judicial lien granted pursuant to § 598.21, *Code of Iowa* (1981), therefore, is to render the otherwise exempt homestead property not exempt to the extent of the value of such judicial lien. *In the Matter of Rainey,* Bkrtcy. No. 80–1730–C, Adv.Pro. No. 80–0274, slip op. at 3–4 (Bkrtcy.S.D.IA, 1980).[3]

▇ The purpose of the granting of this judicial lien was to carve out an interest in the property to the Defendant in order to secure the obligation of the Plaintiff to pay the stipulated property settlement. As such, it was an exercise of the state court's power over the disposition of property in a dissolution proceeding. Thus, power was exercised pursuant to a statute that contains a "special declaration of statute to the contrary" of the homestead exemption granted by Iowa law. The Court finds, therefore, that the Plaintiff's otherwise exempt homestead property is not exempt to the extent of the value of the Defendant's judicial lien against such property.

The finding that the Plaintiff's otherwise exempt homestead property is not exempt as to the extent of this lien is also consistent with the policies underlying the homestead exemption and dissolution statutes. If the Plaintiff's homestead property were exempt from this judicial lien, the Plaintiff would thus be in a position to use the homestead statute as a sword against her ex-spouse in order to undo the equitable division of property to which she herself agreed in the stipulation that was incorporated in the Dissolution Decree. "The homestead law is a family shield, and cannot be employed by either spouse to wrong the other." *Best v. Zutavern,* 53 Neb. 604, 74 N.W. 63, 63 (1898).

The Court concludes, therefore, that the Defendant's judicial lien against the Plaintiff's property does not impair an exemption to which the Plaintiff would be otherwise entitled under 11 U.S.C. § 522(b) because the Plaintiff's property is not exempt to the extent of the value of Defendant's judicial lien.

IT IS THEREFORE ORDERED that the Plaintiff's Complaint shall be, and the same is, denied and dismissed.

IT IS FURTHER ORDERED that the foregoing is intended by the Court to constitute its Findings of Fact, Conclusions of

---

**3.** The Plaintiff attempts to distinguish *Kobriger v. Winter, supra,* and *In the Matter of Rainey, supra.* The Plaintiff argues that, while the dissolution statute in effect at the time the dissolutions in those cases were granted constituted 'special declarations of statute to the contrary' of the homestead exemption granted by Iowa law, the dissolution statute in effect when the dissolution in the instant case was granted was not such a "special declaration of statute to the contrary." The Plaintiff, therefore, concludes that the Plaintiff's property is exempt as to the Defendant's judicial lien pursuant to § 561.16, *Code of Iowa* (1981), *amended by* 1st Sess.Acts 1981 (69th G.A.), Senate File 480. The Plaintiff's argument is almost specious. The dissolution statute involved in the case of *In the Matter of Rainey, supra,* stated, in material part:

> When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified.

§ 598.21, *Code of Iowa* (1979); *In the Matter of Rainey, supra,* slip op. at 2. The Plaintiff agrees that this section constitutes a "special

declaration of statute to the contrary" of the homestead exemption. The dissolution statute involved in the instant case states:

> 598.21. *Orders* for disposition and support. 1. Upon every judgment of annulment, dissolution or separate maintenance *the court shall divide the property of the parties and transfer title of the property accordingly...* The Court shall divide all property, except inherited property or gifts received by one party, equitably between the parties...

§ 598.21, *Code of Iowa* (1981) (emphasis supplied). The Plaintiff argues that this second statute does *not* constitute a "special declaration of statute to the contrary" of the homestead exemption. The Court is unable to detect any real difference between the statutes except to conclude that the second statute, i.e., the one involved in the instant case, is even more specific than the first in granting to the state dissolution court expansive power, including the power to grant a judicial lien, over a couple's property. The Plaintiff's attempted distinction between *In the Matter of Rainey, supra,* and the instant case is, therefore, rejected.

Law, and Orders as required by the Bankruptcy Rules.