In re Roxie Kenneth **MULNIX**
Jr., Debtor.

Bankruptcy No. 84–00151.

United States Bankruptcy Court,
N.D. Iowa.

Oct. 30, 1985.

Dan Childers, Cedar Rapids, Iowa, for debtor.

William D. Martin, Cedar Rapids, Iowa, for Kay (Mulnix) Stanke.

MEMORANDUM OPINION
AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In 1982 Kay and Roxie Mulnix were divorced. As part of the dissolution decree, Roxie (the husband) was awarded the farm and was directed to pay his former wife on or before January 1, 1984, the sum of $120,000.00. The decree was affirmed by the Iowa Supreme Court. Roxie did not pay as ordered. Thereafter he filed for relief in bankruptcy under Chapter 11.

He proposed as part of his plan of reorganization to pay the obligation to his former wife over 20 years with interest at the legal rate. Kay objects, contending that her judgment lien is not avoidable and therefore must be paid as decreed under state law. An evidentiary hearing was held and the matter taken under advisement. The parties filed briefs.

I

Section 1123(b)(1) of the Code permits a debtor to "impair ... any class of claims, secured or unsecured ..." Debtor concedes that the obligation to Kay is secured. A claim is impaired if "the legal, equitable, and contractual rights to which such claim ... entitles the holder of such claim ..." are altered. Kay had the right to be paid on or before January 1, 1984, a period of 18

months from the entry of the decree. Debtor proposes to pay her over 20 years. She is impaired if, in fact, she holds a claim which can be affected by the Bankruptcy Code.

A creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". Section 101(9) of the Code. The decree was entered in July of 1982, long before the case in bankruptcy was filed. A claim means a "right to payment, whether or not such right is reduced to judgment ... secured or unsecured ..." Section 101(4) of the Code. There is little question that Kay had a right to payment when the decree was entered.

Kay argues that she is not a creditor but rather a spouse to whom money is owed and therefore debtor cannot alter the treatment prescribed by the state court decree, following the argument set forth in *In re Thomas*, 32 B.R. 11 (Bkrtcy D.Ore.1983) and *In re Scott*, 12 B.R. 613 (Bkrtcy W.D. Ok.1981). In those cases the courts reasoned that the parties in the divorce proceeding were not debtor-creditor at the time the property was divided and that the lien in favor of one party was created at the same time that the property was conveyed to the other.

The purpose of this convoluted analysis was to avoid the plain language of the Bankruptcy Code. If the lien did not attach to a pre-existing interest, it could not be avoided. Section 522(f) of the Code. But as the Uniform Commercial Code points out, a lien or security interest cannot attach until the debtor has rights in the property. Section 554.9204, ICA 1965. Although the Uniform Commercial Code is not applicable to real estate transactions, the analogy is apt. Even if the conveyance and the lien are contained in one document, as would be usual in a decree, the lien securing the obligation to one party cannot be effective until that party's interest in the property has been transferred. The conveyance therefore must occur before the lien attaches. Changing the result compelled by plain language must be left to the Congress.

■ There is little question that after the divorce decree Kay held a judgment lien against Roxie. *In re Adams*, 29 B.R. 452 (Bkrtcy N.D.Iowa 1982). In that case the court noted that the parties were divorced and the decree of dissolution incorporated a stipulated property settlement.

"It is undisputed that, when the Stipulation was incorporated by the state court in its Decree of Dissolution, the Defendant had a judicial lien against certain real property in the possession of the Plaintiff". 29 BR 453.

Debtor attempted to avoid the judicial lien. The court denied relief saying that no real property was exempt against a lien established under state law governing dissolution.

■ Here debtor has not attempted to avoid the judicial lien in favor of Kay but only to modify the terms of payment. It does not follow that an inability to avoid also prohibits impairment. Counsel for claimant concedes that, in a conflict of laws, the Bankruptcy Code prevails over state law. The Code contemplates that states will identify exemptions, although a statute could fall if contrary to the spirit of the Bankruptcy law. Cf. *In re Lawson*, 12 B.C.D. 62, 42 B.R. 206 (Bkrtcy E.D.Ky. 1984). The Code also contemplates that, without regard to the nature of the debt, payment of such an obligation may be adjusted through a plan of reorganization. There is no inherent conflict in those schemes.

## II

■ The Court holds, therefore, that Kay holds a claim, based upon a state court judgment, and secured by a lien upon real estate. Her claim is impaired. She is, therefore, entitled to vote, Section 1126(a) of the Code, and has done so, rejecting the plan. The plan may be confirmed, in these circumstances, only if it meets the tests of Section 1129(b) of the Code.

That section provides that the plan may be confirmed "if the plan does not discriminate unfairly and is fair and equitable, with respect to each class of claims ... that is impaired thereunder, and has not accepted, the plan". Section 1129(b)(1) of the Code. The section goes on to provide that—

"(b)(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

(A) With respect to a class of secured claims, the plan provides—

(i)(I) that the holders of such claims retain the liens securing such claims ... to the extent of the allowed amount of such claims, and

(II) that such holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property; ...

.    .    .    .    .

(iii) for the realization by such holders of the indubitable equivalent of such claims".

The plan provides that Kay will retain her lien against the real property. It further provides for the payment of interest, which satisfies the requirement that present value be paid. The Court notes, however, that payment of interest at the legal rate required by the laws of the State of Iowa does not guarantee payment of present value. There was, however, no evidence of an appropriate rate of interest and that issue will be reserved by the Court for further hearing or agreement of the parties.

■ The legislative history to Section 1129(b) states that, to be fair and equitable, debtor's plan has to satisfy only one of the three conditions as the plan relates to a secured creditor. Debate, House of Representatives, September 28, 1978, 124 Congressional Record H11104 reprinted in 3 App. Collier on Bankruptcy IX–116 (15th Ed.). Here, debtor has proposed to allow creditor to retain her lien and to be paid present value. Thus, the minimum statutory test has been met. See, on this point, *In re Clarkson*, 767 F.2d 417–49 (8th Cir. 1985).

Of course there are other considerations. There must be adequate protection for the claim. Here the collateral is real estate unencumbered except by the judgment lien. The parties agree that its value is in excess of the amount of the claim. While real estate values are depressed it is unlikely that the value of this property will fall much further and there is a good possibility of some appreciation when the farm economy cycle turns upward. A payout over 20 years is not excessive or unreasonable when the collateral is real estate.

There are equities to be balanced here. General creditors' claims may be impaired even though they extended credit with a real expectation of payment within certain reasonable and sometimes designated periods. Kay contributed to the marriage with an expectation, over most of the time, that her payment would be no more than the benefits that ensue from family and investment of two people. In a sense, then, impairment of her claim upsets less expectations than those held by commercial creditors. In addition the evidence shows that debtor can only satisfy Kay's judgment by selling the farm which effectively prevents his reorganization.

*In Matter of Naugle's Nursery, Inc.*, 37 B.R. 574 (Bkrtcy S.D.Fla.1984) the court confirmed a plan over the objections of the secured creditor. The original notes were to be paid over three to seven years. Debtor proposed extension to 14 years although initially proposing 30 year pay-outs. See also *In re Benson*, 9 B.R. 854, (Bkrtcy N.D.Ill.1981) where the court confirmed a plan which extended a note payable in 2 years to one payable in 20 years.

In a case styled *In re White*, 36 B.R. 199 (Bkrtcy Kans.1983) the court held—

"[1] The Court believes that § 1129 does not per se prohibit long term pay-outs. If the mathematical requirements

of § 1129(b)(2)(A)(i)(II) are satisfied, if the creditor is adequately protected under the plan, pursuant to the general fair and equitable requirement of § 1129(b)(2), and if the debtors can prove they can make payments over the life of the plan pursuant to § 1129(a)(11), then the plan is confirmable and can be crammed down on a rejecting class of secured claim holders, regardless of normal lending practices or policies". 36 B.R. at 203.

The sole issue before this Court is whether debtor may propose a plan which impairs a judgment sustained by the Supreme Court of Iowa. While this Court is obliged under rules of comity to give deference to decisions of state courts under certain circumstances that deference is not always affected by the nature of the court handing down the decision. Cf. *Harkins v. Wyrick,* 589 F.2d 387 (8th Cir.1979). Here the pronouncement of the Iowa Supreme Court does not settle an issue of dispute over state law, as to which particular consideration is required, but rather deals with an appeal of contested issues of fact and equities. Thus what this Court deals with is simply a final judgment of a state court and must give it no less consideration than is given any other claim in this case.

The Court holds that Kay (Mulnix) Stanke holds a secured claim which may be impaired. The Court holds further that the plan is fair and equitable as to her except that the Court makes no ruling on the issue of feasibility or of an appropriate interest rate. These issues must be the subject of further hearings to be scheduled by the court.