**In re Vernon Carl JACKSON, Debtor.**

**In re Glen Theodore BAILEY, Debtor.**

Bankruptcy Nos. 85 B 00247 J,
86 B 11923 M.

United States Bankruptcy Court,
D. Colorado.

Oct. 30, 1987.

Edward I. Cohen, Denver, Colo., for debtors.

John A. Weeda, Sp. Asst. U.S. Atty., U.S. Dept. of Justice, Denver, Colo., for I.R.S.

George P. Eliopoulos, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THESE MATTERS come before the Court on the Debtors' Motions to Reclassify a Claim of the Internal Revenue Service (1) from a secured to an unsecured priority claim, and (2) to reclassify any pre-petition penalties from a secured or priority claim to a general unsecured claim. There are common legal issues in both cases and therefore the Court will rule on them jointly.

### In re Jackson—85 B 00247 J

The parties agree that absent bankruptcy the I.R.S. has a perfected lien on all the personal property of the Debtor and that the I.R.S. claim is for 1982 income tax and it is composed of $2,234.52 in taxes, $677.34 in pre-petition interest, and $892.45 in pre-petition interest, and $892.45 in pre-petition penalty. They further agree that the Debtor has a net equity of $161.32 in an automobile and that he owns furniture valued at $1,150.00 and personal effects valued at $125.00. Finally, it is agreed that the Debtor had, at the time of filing his petition, $460.00 due in wages, that he is paid monthly, and that he has three dependent children.

█ Debtor asserts that he is entitled to claim as exempt all of his personal property and wages under 26 U.S.C. § 6334. That section provides in pertinent part as follows:

(a) Enumeration—These shall be exempt from levy—

(1) Wearing apparel and school books....;

(2) Fuel, provisions, furniture, and personal effects ... as does not exceed $1,500.00 in value; ...

(9) Minimum Exemption for wages, salary, and other income....

(d) Exempt Amount of Wages, Salary, or Other Income.—[basically the exemption is $75.00, plus $25.00 for each child, per week.].

If these exemptions are applied then all of the Debtors' personal property and wages would be exempt except the $161.32 equity in the automobile.

The I.R.S. argues that even though this property is exempt from "levy" it is not exempt from the I.R.S. "lien".

26 U.S.C. § 6331(b) reads as follows:

The term "levy" so used in this title includes the power of distraint and seizure by any means....

The Fifth Circuit Court of Appeals in *InterFirst Bank of Dallas, N.A. v. U.S.*, 769 F.2d 299 (5th Cir.1985) held that "levy", as contemplated in this section, is a forcible means of extracting taxes from a recalcitrant taxpayer. 769 F.2d at 305. The Court distinguished "levy" from "assessment and demand" in that case.

Likewise, "levy" must be distinguished from "lien" which is provided for in 26 U.S.C. § 6321. If "levy" and "lien" were synonymous, there would be no necessity for both § 6321 and § 6331.

In discussing § 6334, William T. Plumb, Jr., also noted that there is a distinction between these two terms when he stated "For unexplained reasons, exemption is provided only from levy, not from the lien itself, so theoretically the Government could circumvent this limited sanctuary by initiating a judicial action to foreclose its tax lien, but cases of this type cannot be found in the reports." W. Plumb, Jr., *Federal Tax Liens* (Am.Law Institute—Am.Bar Assoc. 3d ed., p. 21).

A similar situation appears in the law of the State of Colorado. Colorado's citizens' property is exempt from "levy and sale

under writ of attachment or writ of execution" on personal property (§ 13–54–102, C.R.S.). The Colorado Supreme Court in *Weare v. Johnson*, 20 Colo. 363, 3 P. 374 (1894) said "If it is exempt from execution, it must of necessity be exempt from the lien of the judgment, as a judgment lien that cannot be enforced is of no avail." (20 Colo. at 367, 3 P. 374). Later the Colorado Court of Appeals held that "while property may be exempt from levy, there is no statute which exempts it from lien." *Noxon v. Glaze*, 11 Colo.App. 503 at 505, 53 P. 827 (1898). The statement in the *Weare* case assumed that the only time a judgment lienholder could be paid on account of his lien would be by execution. That assumption is wrong, because a lienholder can simply wait until the judgment debtor voluntarily sells the property and then steps forward to claims his share of the proceeds.

Thus, although Colorado state law is not controlling here, it does give some credence to the argument that the exemptions under 26 U.S.C. § 6334 apply only to "levies" and not to "liens".

Even *Black's Law Dictionary* (4th Ed.), recognizes the difference between "levy" and "lien". "Levy" is a verb meaning "to assess; raise; execute; exact; collect; gather; take up; seize". While "lien" is a noun denoting a "charge or security or encumbrance upon property".

Thus 26 U.S.C. § 6334 may prohibit the *involuntary* seizure of certain property by the I.R.S., it does not destroy the property interest, or lien, granted by 26 U.S.C. § 6321. If a debtor chooses to *voluntarily* dispose of property, the I.R.S. is entitled to assert its lien and receive payment. Therefore, the motion to reclassify the I.R.S. claim from secured to unsecured on the basis of 26 U.S.C. § 6334 must be denied.

Next, the Debtors assert that under 11 U.S.C. § 507(a)(7)(G), the penalty portion of the I.R.S. claim should be reclassified from secured priority to general unsecured claims.

This Court has previously held that under 11 U.S.C. § 507(a)(7)(G) pre-petition interest on taxes has priority as a penalty which is not punitive in nature, but is intended to compensate the United States for its inability to use the money it is owed. *In re Reich*, 66 B.R. 554 (Bankr.Colo.1986). That case, however, did not discuss the status of a "penalty" assessed by the I.R.S. in addition to interest.

■ Here, in addition to interest, the I.R.S. has assessed a "penalty" (see the Proofs of Claim filed herein), under 26 U.S.C. § 6651. Section 507(a)(7)(G) has two requirements for inclusion of a penalty as part of a priority claim. It must be related to the priority claims itself, and it must be "in compensation for actual pecuniary loss". Penalties, as assessed here, bear no relation to any actual pecuniary loss, but are instead punitive in nature. Thus, these "penalties" are not entitled to priority under § 507(a)(7)(G).

■ This, however, is not determinative of the secured status of these penalties. 26 U.S.C. § 6321 provides that the I.R.S. shall have a lien for the taxes, interest, or assessable penalty. Thus, the I.R.S. lien may include these penalty amounts. Under 11 U.S.C. § 506(a), the amount of the I.R.S. lien is dependent upon the value of the property securing the lien, and cannot exceed that value. In the case of Debtor Jackson, his property subject to the I.R.S. lien is valued as follows:

| | |
|---|---|
| Automobile | $ 161.32 |
| Furniture | 1,150.00 |
| Personal Affects | 125.00 |
| Wages | 460.00 |
| | $1,896.32 |

The I.R.S. claim is for $3,804.31. Thus, the I.R.S. claim is secured for only $1,896.32 and is unsecured in the amount of $1,907.99.

*In re Bailey—86 B 11923 M*

The parties have stipulated to the following facts. The Debtor has property valued as follows:

| | |
|---|---|
| Wages due at petition | $456.00 |
| Wearing apparel | 100.00 |
| Savings bonds | 250.00 |

| | |
|---|---|
| Household goods | $  850.00 |
| Total | $1,656.00 |

If the exemption of 26 U.S.C. § 6334 are applied, all of the Debtor's property and wages would be exempt except $597.67.

However, as determined *supra*, although the property may be exempt from levy, it is not exempt from the I.R.S. lien in 26 U.S.C. § 6321.

Again, however, the lien is only valid to the extent of the value of the property under 11 U.S.C. § 506(a). Here, the I.R.S. claim is for $5,554.92. Thus, the I.R.S. claim is secured for only $1,656.00 and is unsecured in the amount of $3,898.92. And, of course, any "penalties" are not entitled to priority under § 507(a)(7)(G).

It is, therefore,

ORDERED that in Case No. 85 B 00247 J the I.R.S. is a secured creditor to the extent of $1,896.32 and is unsecured in the amount of $1,907.99.

FURTHER ORDERED that in Case No. 86 B 11923 M the I.R.S. is a secured creditor to the extent of $1,656.00 and is unsecured in the amount of $3,898.92.

FURTHER ORDERED that "penalties", as opposed to "interest" on the I.R.S. claims herein are not entitled to priority under 11 U.S.C. § 507(a)(7)(G).

FURTHER ORDERED that the Debtors herein shall file amended plans, motions and statements to reflect the rulings herein within twenty (20) days, failing which the case or cases will be dismissed without further notice or hearing.