**In re William Stephen FRY, and Virginia Strong Fry, Debtors.**

**Bankruptcy No. 87 B 06216 J.**

United States Bankruptcy Court, D. Colorado.

March 15, 1988.

William C. Hibbard, Steamboat Springs, Colo., for debtors.

Karl P. Mattlage, Mattlage, Lettunich & Vanderbloemen, Steamboat Springs, Colo., for Firstier Bank, N.A. of Lincoln, Nebraska, James E. Ryan and Ross Wilcox as trustees of the Harold P. Jacobs Trust.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came before the Court upon the Motion of Firstier Bank, N.A., of Lincoln Nebraska (Firstier), for Relief from Automatic Stay and Debtors' Motion to Void Lien. The Court requested and the parties have submitted briefs on two issues:

1. Can § 522(f) of the Bankruptcy Code be used in Colorado in light of the wording and case history of § 38–41–201, *et seq.*?

2. Must there be equity in the property before a homestead exemption can be claimed?

The following facts are undisputed. Debtors executed a note and deed of trust for $60,000 on their home in Steamboat Springs, Colorado. The deed of trust contained no waiver of homestead exemption. The note and deed of trust were assigned to Firstier. Upon Debtors' default, Firstier commenced foreclosure proceedings which were discontinued when the Routt County Public Trustee was advised of Debtors' homestead claim.

Subsequently, Firstier brought an action on the promissory note in Routt County District Court and received a default judgment in the amount of $75,897.42. A transcript of judgment was duly recorded as a lien against the property.

As a matter of law, because Firstier elected to sue on its promissory note, said note merged into the judgment. The deed of trust now secures the judgment. *Ott v. Edwards*, 161 Colo. 187, 420 P.2d 837 (1966). In addition, the judgment is secured by the judgment lien which attached when the transcript of judgment was recorded with the County Clerk and Recorder. § 13–52–102, C.R.S.

The Bankruptcy Code under § 522(b) allows the states to "opt out" of the federal exemptions. If the state opts out, such state may then determine what property, and in what amount, may be claimed as exempt. Colorado has chosen to opt out, and such action has been found to be constitutional. *In re Parrish*, 19 B.R. 331 (Bankr.Colo.1982). The exemption allowed to Colorado residents as a homestead is found in § 38–41–201, *et seq.*, C.R.S.

§ 38–41–201. Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be

*exempt from execution and attachment* arising from any debt, contract, or civil obligation ... [emphasis added].

This language is distinguished from the exemption language found in the federal exemptions under § 522(b) where it reads:

... an individual debtor may *exempt from property of the estate* ... [emphasis added].

Thus, under federal exemption law, to the extent of the value of the exemption, the property itself is exempt and is not subject to administration by the Bankruptcy Court and it may not be looked to for the payment of any pre-petition debt. But, if the language of the Colorado exemption statute is read literally, the state exemption only protects the debtor from the affirmative action of the creditor, i.e. the creditor cannot execute against and attach the exempted property. And, in Colorado, "While the property may be exempt from levy, there is no statute which exempts it from lien." *Noxon v. Glaze,* 11 Colo.App. 503, 53 P. 827 at 828 (1898).

Is "exempt from levy" different from "exemption from lien?" In some situations the answer is yes. In the cases of *In re Jackson* and *In re Bailey,* 80 B.R. 213, (Bankr.Colo.1987), this Court held that the exemptions under 26 U.S.C. § 6334 were exemptions from levy and not exemptions from lien, and therefore, the I.R.S. was determined to have secured claims *vs.* unsecured claims.

However, Colorado has interpreted its judgment lien statute *vis-a-vis* the homestead exemption statute as providing that "no judgment lien attaches to the homestead." *Barnett v. Knight,* 7 Colo. 365 at 375, 3 P. 747 (1881). This is opposed to the contrary view in some states that the judgment lien attaches, "but is simply held in abeyance till sale of the premises or forfeiture of the right." *Barnett, supra* at 375, 3 P. 747. This Court has been unable to locate any subsequent Colorado decision that changes this "non-attachment" theory. *See, e.g., Woodward v. People's National Bank,* 2 Colo.App. 369, 31 P. 184 (1892); *Weare v. Johnson,* 20 Colo. 363, 38 P. 374 (1894); *White v. Hartman,* 26 Colo.App.

475, 145 P. 716 (1915); *Sterling National Bank v. Francis,* 78 Colo. 204, 240 P. 945 (1925); *Paterson v. Serafini,* 187 Colo. 209, 532 P.2d 965 (1974). Thus, even though the wording alone of the homestead exemption statute may cause one to question its effect, the Colorado Supreme Court has interpreted that statute to simply mean that a judgment lien does not attach to the exempted portion of the property.

§ 522(f) of the Bankruptcy Code provides that:

... the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption* to which the debtor [is entitled] ... [emphasis added].

Under Colorado law the judgment lien can never "impair" the debtor's homestead exemption simply because the judgment lien never attaches to that exempt property. Therefore, in Colorado, § 522(f) is superfluous in connection with the homestead exemption. At least one commentator agrees with this view. Riesenfeld, *Homestead and Bankruptcy In Colorado and Elsewhere,* 56 U.Colo.L.Rev. 175, Winter 1985, footnote 53, p. 183. Thus, a motion under 11 U.S.C. § 522(f) may not be used in Colorado to avoid a lien on homestead property.

This is not to say that the Debtors may be able to avoid a portion of the lien (of either the deed of trust or the judgment lien) by way of an adversary proceeding under 11 U.S.C. §§ 506 and 502. *In re Gibbs,* 44 B.R. 475 (Bankr.Minn.1984). But that issue is not before the Court, and cannot be unless and until the Debtors or the creditors bring an adversary proceeding pursuant to Bankruptcy Rule 7001.

Because of the foregoing, it is unnecessary to consider the second issue briefed by the parties.

It should be pointed out that this case is not concerned with personal property exemptions under § 13-54-101, *et seq.,* C.R.S., but only with the homestead exemptions.

There remains the creditors' Motion for Relief from Automatic Stay. The Debtors

in their Response to that Motion have admitted they have no equity in the subject property. And, because this is a Chapter 7 case, there is no reorganization. Thus, under 11 U.S.C. § 362(d)(2), the creditors are entitled to relief from stay. It is, therefore,

ORDERED that the Debtors' Motion to Void Lien is denied.

FURTHER ORDERED that the Automatic Stay provided for by 11 U.S.C. § 362 is modified to permit Firstier Bank, N.A., of Lincoln, Nebraska, and James E. Ryan and Ross Wilcox, as Trustees of the Harold P. Jacobs Trust, to foreclose upon their security interest in the property of the Debtors.