**In re Richard James LEONARD, Wanda Eileen Leonard, and Margaret Marie Weiss, Debtors.**

**AETNA FINANCE COMPANY, Creditor–Appellant,**

**v.**

**Richard James LEONARD, Wanda Eileen Leonard, and Margaret Marie Weiss, Debtors–Appellees.**

**No. 87–1508.**

United States Court of Appeals, Tenth Circuit.

Jan. 24, 1989.

Richard D. Torpy of Richard D. Torpy & Associates, Englewood, Colo., for creditor-appellant.

Bryan A. Nix, Denver, Colo., for debtor-appellee Margaret Marie Weiss.

Before ANDERSON, SETH, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Two bankruptcy cases, both arising in Colorado and both involving basically the same factual and legal issues and the same creditor (Appellant), have been consolidated for appeal. The sole question presented is whether debtors (Appellees) in bankruptcy, whose property exemptions are defined by Colorado law, may use the lien avoidance provision of the Bankruptcy Code, 11 U.S.C. § 522(f) (1979).

Both cases present essentially the same facts. Each debtor borrowed cash from Aetna Finance Company and signed security agreements pledging household goods as collateral. Subsequently each debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Each debtor then filed a motion under § 522(f) to avoid Appellant's nonpossessory, nonpurchase-money security interest in Appellees' household goods.

In both cases the household goods had a fair market value of the amount owed to the Appellant or less, and the fair market value of the household goods was within the $1,500 limit specified by Colorado law, Colo.Rev.Stat. § 13–54–102(1)(e) (Repl.Vol. 1987). Appellant contended, in both cases, that Colorado, by "opting out" of the federal bankruptcy provisions exempting the debtors' interest in household goods, did thereby "opt out" of the federal provision for the avoidance of nonpossessory, non-purchase-money liens contained in 11 U.S.C. § 522(f). In both cases the bankruptcy court rejected Appellant's argument and issued an order avoiding the lien on the household goods because the lien impaired the exemption to which the debtor would be entitled under Colorado law if no security interest existed. On appeal, the district court affirmed.

The Appellant contends that Colorado has defined exempt property in such a manner that prevents debtors from utilizing the lien avoidance provision of the Bankruptcy Code. Specifically, Appellant argues that: (1) Colorado, pursuant to § 522(b)(1) (1979 & Supp.1988) of the Bankruptcy Code, substituted its own list of exemptions, Colo. Rev.Stat. § 13–54–107 (Repl.Vol.1987); (2) Colorado exempts household goods to the extent of $1,500 in value, Colo.Rev.Stat. § 13–54–102(1)(e); (3) Colorado law defines "value" as the difference between fair market value and the amount of the lien, Colo. Rev.Stat. § 13–54–101(5) (Repl.Vol.1987); and, (4) when Colorado limited the types of collateral that may be included in the exempt category, it mandated the use of the Colorado exemption and thus effectively prevented debtors from utilizing the lien avoidance provision contained in 11 U.S.C. § 522(f). We disagree, and hold that a state may elect to control what property is exempt under state law but federal law determines the availability of the lien avoidance provision.

 A general and simplified overview of how the bankruptcy estate's assets are determined will be helpful in placing the issue of this case into perspective. When a debtor files a petition in bankruptcy, the debtor's property becomes the property of the bankruptcy estate. 11 U.S.C. § 541(a) (1979 & Supp.1988). The debtor is then allowed to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b). Congress specified the kind and amount of property which could be exempted. 11 U.S. C. § 522(d) (1979 & Supp.1988). Section 522(b) permits a state to specify what property may be exempted in lieu of the property exempted by Congress under § 522(d). Liens that cover exempted property are nevertheless preserved and creditors may enforce them. 11 U.S.C. § 522(c)(2) (Supp. 1988). However, a debtor may avoid a lien encumbering exempted property to the extent that the "lien impairs an exemption to which the debtor *would* have been entitled under subsection (b)" of this section. 11 U.S.C. § 522(f) (emphasis added). Subsection (b) refers to the property exempted by Congress or the states from the bankruptcy estate. The quoted language is the key to unlock the answer to the issue presented.

We look first to the clear and plain language of the pertinent portion of § 522(f)(2)(A):

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) if such lien is a nonpossessory, nonpurchase-money security interest in any household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

The language is not ambiguous, and no rules of construction need be applied. All the subsections must be given meaning and they must coexist. *Nevada Power Co. v. Watt*, 711 F.2d 913, 920 (10th Cir.1983). A debtor is entitled to avoid a lien to the extent the debtor *would* have been entitled to an exemption under either the federal or the state exemptions statutes. The debtor's right to claim avoidance of a lien on property under § 522(f) is determined by considering whether the property, if unen-

cumbered, is exempted under the state statutory exemptions. If unencumbered property may be exempted under the state exemptions, then any nonpossessory, non-purchase-money lien on that property could be avoided under § 522(f). Congress did not say a debtor is entitled to avoid a lien to the extent the debtor *is* entitled to an exemption, which is the construction Appellant is urging us to adopt. The word "would" obviously has been used by Congress in an auxiliary function to express a possibility, i.e. if the debtor would have been entitled to an exemption, he is entitled to avoid the lien.

Colorado does not permit its residents to use the federal exemptions set forth in § 522(b). Colo.Rev.Stat. § 13–54–107. Instead, it provides its own list of the types and values of property which may be exempted. Colo.Rev.Stat. § 13–54–102. In particular, Colorado allows an exemption for household goods to the extent of $1,500. Colo.Rev.Stat. § 13–54–102(1)(e). This is the exemption to which the debtor *would* have been entitled had there been no lien. Stated differently, since Colorado law allows the property to be exempted if no security interest exists, a security interest could be avoided under § 522(f).

Any other reading of § 522(f) would make the language meaningless and would lead to an absurd result. If § 522(f) were to be read as allowing the debtor to avoid a lien only on the debtor's equity in the exempt property, to which the lien would not ultimately attach under any circumstances, it would totally disregard the lien avoidance language set forth in § 522(f). In other words, if Appellant's construction of § 522(f) were to be adopted, then as long as a security interest exists, the debtor would never be entitled to avoid the lien.

Our conclusion is bolstered by the legislative history. The matter of exemptions played an important role in the necessity for revision of the bankruptcy laws.[1] Both the House and the Senate included the power by the debtor to avoid nonpossessory, nonpurchase-money security interests.[2] Both the House and Senate introduced versions of § 522(f) which contained identical language. The enacted version was identical to both the House and Senate versions, except for the placement of a phrase concerning waiver, which did not change the meaning. The legislative history supports the conclusion that the issue in lien avoidance cases is whether the property could have been exempted in the absence of a lien.

As this is a case of first impression in this circuit, we look to case law outside this circuit. We look first to the cases cited and relied upon by Appellant. First there is *In re Pine*, 717 F.2d 281 (6th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984). In a factually similar case, the Sixth Circuit decided that the Tennessee and Georgia exemption statutes, which specifically decline to exempt household goods to the extent they are encumbered by a lien, precluded the use of the federal lien avoidance statute. The court

---

1. The Commission on the Bankruptcy Laws of the United States, in its 1973 report to Congress, pointed out the importance of exemptions and discharge; the exemption provisions were ineffective due to the deference to state law, which created a lack of uniformity and resulted in the loss of exemptions due to inequitable state laws. H.R. Doc. No. 137, 93 Cong., 1st Sess. 169 (pt. 1) (1973). The Commission recommended that a waiver of federal exemptions be unenforceable by a creditor that has a nonpurchase money security interest in household goods, and that such security interest be unenforceable against property allowed to the debtor as exempt. *Id.* at 170, 173.

2. The House stated that the debtor may avoid the fixing of a lien on an interest of the debtor in property to the "extent that such lien impairs an exemption to which the debtor ... would have been entitled under subsection (b) of this section, if such lien is ... a nonpurchase-money security interest in any ... household goods." H.R. 8200, 95th Cong., 1st Sess. § 522(f), 123 Cong. Rec. 35654 (1977). The House Judiciary Committee Report stated that subsection (f) protects the debtor's exemptions and his fresh start by permitting him to avoid liens on exempt property "to the extent that the property could have been exempted in the absence of the lien." H.Rep. No. 595, 95th Cong., 1st Sess. 362, *reprinted in* U.S.Code Cong. & Admin.News (1978) at pp. 5787, 6318. The Senate Judiciary Committee utilized identical language. S.Rep. No. 989, 95th Cong., 2d Sess. 76, *reprinted in* U.S. Code Cong. & Admin.News (1978) at pp. 5787, 5862.

in *Pine* decided that debtors may avoid liens only on that property which the states have declared to be exempt. *Id.* at 284. The Sixth Circuit reached this conclusion, in part because the courts that it reversed placed almost exclusive emphasis on the legislative history of § 522 as adopted by the House. *Id.* at 284. We are not persuaded by this reasoning, as § 522(f) remained essentially unchanged, from the Commission's draft through the House and Senate drafts to the enacted version. The reasoning in *Pine* allows the states to circumvent the federal lien avoidance provision simply by excluding encumbered property from the state's list of exemptions. If Congress had intended to allow the States to opt out of the lien avoidance provision, Congress would have used explicit language giving the states that option as it did under the exemption provision of § 522(b)(2)(A). Next Appellant cites *In re Allen*, 725 F.2d 290 (5th Cir.1984), which holds that if a debtor elects to claim an exemption under the Texas statute, the debtor is not entitled to lien avoidance under § 522(f) because the Texas exemption statute excludes property subject to a secured lien. It is interesting to note that the United States Bankruptcy Court for the Western District of Texas, in *In re Thompson*, 59 B.R. 690, 692 (Bankr.W.D.Tex. 1986), states: "Quite simply, the ruling is incorrect," and announces: "Were the Fifth Circuit confronted with *Allen* today, it would almost certainly not render the same decision." *Id.* at 695. The court in *Allen* construed the language as allowing a debtor to avoid a lien only upon exempted property. Again, we are not persuaded. Last, Appellant cites *In re Spears*, 744 F.2d 1225 (6th Cir.1984), wherein the Sixth Circuit, relying on *Pine*, construed the Ohio exemption law to hold that a debtor is allowed only to exempt an interest in property which was not subject to a lien; therefore, the debtor could not avoid a lien on his encumbered household goods. Again, we are not persuaded by the reasoning of this case.

Distinctions could be drawn between *Pine, Allen,* and *Spears,* because they construe exemption statutes different from Colorado's statute; however, to draw such distinctions would do little to clarify the law. These cases hold that a state may elect to control what property is exempt under state law. We do not quarrel with this proposition, but we go the next step and hold that federal law determines the availability of lien avoidance. We believe the plain and clear language of § 522(f) mandates this result. In other words, if a debtor's property would come within the state's list of exemptions but for the presence of a nonpossessory, nonpurchase-money security interest on household goods, then the debtor may utilize § 522(f) to void the lien.

Cases from other circuits support our reasoning. *In re Hall*, 752 F.2d 582 (11th Cir.1985), held that:

> To permit states to inhibit the operation of the lien avoidance provision simply by defining all lien-encumbered property as "not exempt" would render the statute useless, a result inconsistent with the well-established principle of statutory construction requiring that all parts of an act be given effect, if at all possible.

*Id.* at 586. For other cases generally in accord with this reasoning, *see In re Thompson,* 750 F.2d 628 (8th Cir.1984) (wherein the Eighth Circuit stated: "Although a state may elect to control what property is exempt under state law, federal law determines the availability of a lien avoidance." *Id.* at 630); *In re Brown,* 734 F.2d 119 (2d Cir.1984) (wherein the court held that a debtor is permitted, even if he lacks an equity interest, to avoid the fixing of a lien. *Id.* at 125); *In re Maddox,* 713 F.2d 1526 (11th Cir.1983). We are persuaded by the reasoning employed in these cases.

The plain language of § 522(f) allows debtors to avoid liens on property to which they would have been entitled to an exemption under § 522(b), which may be either the federal list or the state list, if the state has decided to use its own list of exempt property. The judgment of the district court is therefore AFFIRMED.