**In re Edward Earl ROBINSON and Karen Soderholm Robinson, Debtors.**

**Edward Earl ROBINSON and Karen Soderholm Robinson, Appellants,**

**v.**

**Charlotte M. ROBINSON, Appellee.**

No. 88–K–1092.

Bankruptcy No. 88 B 3315 E.

United States District Court,
D. Colorado.

March 6, 1990.

Milnor H. Senior, III, Denver, Colo., for Edward E. Robinson, Karen S. Robinson, debtors/appellants.

Jorge E. Castillo, Denver, Colo., for Charlotte Robinson, appellee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This bankruptcy appeal raises an issue for which there is a split of authority among the judges of the Bankruptcy Court in this District. The issue is whether § 522(f) of the Bankruptcy Code can be used to avoid a judicial lien on the debtor's homestead exemption. In this case, Judge Matheson followed the position of Judge Brumbaugh as articulated in *In re Fry*, 83 B.R. 778 (Bankr.D.Colo.1988). Under *Fry*, the debtor may not avoid a judicial lien on his homestead exemption because under Colorado law, a judicial lien does not automatically attach to real property, and therefore the homestead exemption is not "impaired" as required by the terms of § 522(f). The opposing view, first expressed by Judge Brooks in *In re Herman-*

*sen*, 84 B.R. 729 (Bankr.D.Colo.1988), followed by Judge Clark, and urged by the debtor in this case is that a debtor may avoid a judicial lien on his homestead exemption. The *Hermansen* line of cases acknowledges that the lien does not attach, but reasons that the homestead exemption is "impaired" in other ways. This view was recently adopted by Judge Weinshienk in *Dudun v. Rosenthal (In re Duden)*, 102 B.R. 797 (D.Colo.1989). The Tenth Circuit has not directly addressed this issue.

While it is obvious that reasonable minds differ on the issue, I find Judge Brook's position that the judgment lien is avoidable is the persuasive one. Therefore, Judge Matheson's ruling denying the debtors' § 522(f) motion is reversed.

### I. *Facts.*

The facts in this case are stipulated. On March 18, 1988, the debtors, Earl and Karen Robinson (the "Robinsons"), filed for relief under Chapter 7 of the Bankruptcy Code. The Robinsons claimed their interest in their home as exempt from the bankruptcy estate under the Colorado Homestead Exemption, Colo.Rev.Stat. §§ 38–41–201, 202 (1982). At the time of their filing, the home was worth $101,000. It was subject to a first deed of trust to Pioneer Savings Trust for $49,200 and a second deed of trust to Bank Western Federal Savings Bank for $49,683. Thus, the Robinsons had approximately $2,200 of equity in their home.

Charlotte Robinson ("Mrs. Robinson"), Mr. Robinson's ex-wife, is a creditor of the estate. She was listed on the Robinson's Statement of Liabilities as having a secured interest in a business owned by the debtors and another unsecured interest. After filing for bankruptcy, the Robinsons also learned that Mrs. Robinson had filed a judgment lien against the Robinson's residence in the amount of $57,936, plus interests and costs. The judgment arose out of Mr. Robinson's failure to pay a portion of a property settlement to Mrs. Robinson awarded in their divorce action.

On May 3, 1988, the Robinson's filed a motion to avoid the judgment lien of Mrs.

Robinson under § 522(f)(1). Mrs. Robinson opposed this motion. After a hearing in which the bankruptcy court heard oral argument on the stipulated facts, the court concluded that Mrs. Robinson's lien was not avoidable. The court noted the split between bankruptcy judges in the district on the issue, but found that Judge Brumbaugh's position in *Fry* was the better one. *See* R. Vol. II at 15–17. Accordingly, the bankruptcy court denied the Robinson's motion to avoid the judgment lien, finding that it did not impair the debtor's homestead exemption because a judgment lien does not automatically attach to real property in Colorado. The Robinsons now appeal. Review of this purely legal issue is *de novo*. *First Bank v. Mullet (In re Mullet)*, 817 F.2d 677, 679 (10th Cir.1987).

## II. *Issues.*

A. *Judgement Lien Avoidance Under Colorado and Federal Bankruptcy Law.*

■ Section 522(b) of the Bankruptcy Code permits a debtor to treat certain classes of property as exempt from the bankruptcy estate and therefore exempt from recovery by creditors. 11 U.S.C. § 522(b). This section allows a debtor to elect between the exemptions provided by state law and those defined in § 522(d), the federal exemptions. However, § 522(b) authorizes each state to "opt out" of the federal scheme and to replace it entirely with a state law program of exemptions. Like many states, Colorado has elected to "opt out" of the federal program. Colo. Rev.Stat. § 13–54–107 (1987); *see generally In re Parrish*, 19 B.R. 331, 334–35 (Bankr.D.Colo.1982) (holding Colorado's exemptions constitutional).

One of the exemptions permitted under Colorado law is the homestead exemption. Under Colo.Rev.Stat. § 38–41–201,

[e]very homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

Formal declaration of the homestead exemption is governed by Colo.Rev.Stat. § 38–41–202. The homestead exemption applies only to the debtor's equity in his home, up to the ‑$20,000 statutory limitation. In this case, the Robinson's equity in their home was approximately $2,200. Since this amount is lower than the statutory limit, the Robinson's entire equity interest is protected by the homestead exemption. There is no dispute that the Robinsons effectively claimed the homestead exemption.

The Bankruptcy Code grants a debtor certain additional protection for its exempted property. Section 522(f)(1) of the Code provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien....

11 U.S.C. § 544(f)(1). Thus, § 522(f)(1) authorizes a debtor to avoid any judicial lien on property to the extent the lien "impairs" the debtor's exemption. The intent of this section was to preserve the debtor's "fresh start." *See In re Aikens*, 87 B.R. 350, 354 (Bankr.E.D.Pa.1988). The Code does not define the term "impairs."

■ At one time there seemed to be some question whether a debtor could use the lien avoidance provisions of § 522(f) if his exemptions were created under state law and not federal law. That question has now been conclusively resolved: state law controls what property is exempt but federal law determines the availability of the lien avoidance provision. *Heape v. Citadel Bank of Independence (In re Heape)*, 886 F.2d 280, 282 (10th Cir.1989) (lien avoidance under § 522(f)(2)); *Aetna Finance Co. v. Leonard (In re Leonard)*, 866 F.2d 335, 336–38 (10th Cir.1989) (same); *see Maus v. Maus*, 837 F.2d 935, 936, 939 (10th Cir. 1988) (permitting debtor to avoid judicial

lien of ex-wife on state-created homestead exemption). Thus, under the above cases, a debtor with state-created exemptions is entitled to the protection of § 522(f).

Nevertheless, Mrs. Robinson argues, relying on *Fry* and its progeny, that the § 522(f) does not apply in this case because her lien does not "impair" the Robinsons' homestead exemption. The rationale for this view is dependant on the particular nuances of Colorado state law with respect to the homestead exemption and the attachment of judicial liens. As explained in *Fry:*

> [U]nder federal exemption law, to the extent of the value of the exemption, the property itself is exempt and is not subject to administration by the Bankruptcy Court and it may not be looked to for the payment of any prepetition debt. But if the language of the Colorado exemption statute is read literally, the state exemption only protects the debtor from the affirmative action of the creditor, i.e. the creditor cannot execute against and attach the exempted property....

> ... Colorado has interpreted its judgment lien statute vis-a-vis the homestead exemption statute as providing that "no judgment lien attaches to the homestead." *Barnett v. Knight,* 7 Colo. 365 at 375, 3 P. 747 (1881). This is opposed to the contrary view in some states that the judgment lien attaches, "but is simply held in abeyance till sale of the premises or forfeiture of the right." *Barnett, supra* at 375, 3 P. 747. This Court has been unable to locate any subsequent Colorado decision that changes this "non-attachment" theory.... Thus, even though the wording alone of the homestead exemption statute may cause one to question its effect, the Colorado Supreme Court has interpreted that statute to simply mean that a judgment lien does not attach to the exempted portion of the property....

> Under Colorado law the judgment lien can never "impair" the debtor's homestead exemption simply because the judgment lien never attaches to that exempt property. Therefore, in Colorado, § 522(f) is superfluous in connection with the homestead exemption ... Thus, a

motion under 11 U.S.C. § 522(f) may not be used in Colorado to avoid a lien on homestead property.

83 B.R. at 779–80. Courts in the Sixth Circuit have espoused a similar view based on Ohio law. *See, e.g., Ford Motor Credit Corp. v. Dixon (In re Dixon),* 885 F.2d 327, 329–330 (6th Cir.1989) (denying § 522(f) avoidance of judgment lien because Ohio homestead statute is effective only when there is an "execution, garnishment, attachment or sale to satisfy a judgment"); *National Deposit Guarantee Corp. v. Peck (In re Peck),* 55 B.R. 752, 754–55 (N.D.Ohio 1985) (absent attachment or other involuntary disposition, debtor's homestead property is not impaired).

The Robinsons, on the other hand, argue that this view is erroneous, and in several recent cases in this district, the rationale of *Fry* has been rejected. Disagreement with Judge Brumbaugh's view in *Fry* centers on the meaning of "impair." The problems with *Fry's* narrow interpretation of the term "impair" are outlined in Judge Brook's decision in *Packer v. General Motors Acceptance Corp. (In re Packer),* 101 B.R. 651 (Bankr.D.Colo.1989).

> [A] [s]urviving judicial lien that is avoidable may impair, or appear to impair, debtor's rights. The word "impair" is defined in Black's Law Dictionary, Fourth Revised Edition, at page 885 as follows: "To weaken, to make worse, to lessen in power, diminish, or relax or otherwise affect in an injurious manner." Section 522(f) provides for avoiding the fixing of a judicial lien to the extent it impairs an exemption. Recognizing that in Colorado a judicial lien doesn't attach to an exempt portion of property, still a judicial lien potentially impairs a debtor's right to claim and protect an exemption, or to otherwise set with certainty and clarity the relative rights of the debtor and a secured creditor on specific exempt property. A debtor's total inability to use Section 522(f), to fix at a time certain, the relative rights of the debtor and a judicial lien creditor in exempt property, may indeed "weaken ... lessen in power ... otherwise affect in an injurious manner" the debtor's rights. Abso-

lute denial of access to Section 522(f) may leave debtor's title to real property clouded, lead to future litigation, prevent a closing, preclude title insurance, require posting of a bond, or otherwise impair or impede a debtor's right to deal with his real property in a free and unfettered manner.

*Id.* at 653. Expanding on his earlier decision in *In re Hermansen,* 84 B.R. 729, Judge Brooks gives five additional reasons why the § 522(f) power should be available here: (1) to encourage the debtor's fresh start, (2) to make clear that the lien does not survive bankruptcy, (3) to fix the relative rights of debtor and secured creditor at the time of bankruptcy, (4) to establish notice and certainty of secured creditors' rights to property, and (5) to erase any uncertainty created by § 522(c) that the debtor's exempt property is not subject to his pre-petition debts. *Packer,* 101 B.R. at 653; *see also In re Duden,* 102 B.R. at 798–99 (District Court decision adopting the *Packer* rationale); *Lincoln v. Cherry Creek Homeowners Ass'n (In re Lincoln),* 30 B.R. 905, 907–09 (Bankr.D.Colo.1983) (permitting avoidance under § 522(f)(1) and noting that, in Colorado, a judicial lien attaches to non-exempt real property when a transcript of the judgment docket is filed with the County Recorder).

In my opinion, the *Hermansen* line of cases represents the better view. In *In re Leonard,* 866 F.2d at 337, the Tenth Circuit rejected a creditor's interpretation of § 522(f)(2) (relating to the avoidance of nonpossessory, nonpurchase-money security interests) because it would render the language of § 522(f) meaningless and would lead to an absurd result. Similarly, the view espoused by Judge Brumbaugh in *Fry* renders § 522(f)(1) meaningless, and,

as outlined by Judge Brooks, could lead to absurd results if the lien on the homestead exemption is not discharged in bankruptcy. The Tenth Circuit has previously permitted a debtor to avoid her former husband's lien on her homestead estate under Kansas law, which similarly exempts homesteaded property from "forced sale under any process of law." *See Maus v. Maus,* 837 F.2d at 938–940; Kan.Stat.Ann. § 60–2301 (1983). Moreover, as noted by the Robinsons in their brief, the *Fry* interpretation of § 522(f) permits Mrs. Robinson to accomplish indirectly what she cannot do directly. That is, under § 523(a)(5) of the Code, debts relating to a property settlement (as opposed to alimony, maintenance or support) arising out of divorce are dischargeable. To deny the Robinsons the ability to avoid Mrs. Robinson's judicial lien relating to a property settlement would contravene the purposes of this section.[1]

### III. *Conclusion.*

While in the State of Colorado, exemptions to the bankruptcy state are governed by state law, the availability of lien avoidance provisions is governed by federal law. In this case, it makes little sense to deny the debtors access to the § 522(f)(1) lien avoidance provisions because of the vagaries of Colorado law under which a judicial lien does not attach to homesteaded property. To do so would deny the intent of the Bankruptcy Code in providing the debtors a fresh start and would leave debtors and creditors in limbo as to the status of judicial liens post-bankruptcy. The bankruptcy court's decision is reversed.

---

1. Mrs. Robinson raises an additional issue in this appeal. In the event that I reverse the bankruptcy court and hold that § 522(f) is applicable, Mrs. Robinson requests that I remand to the bankruptcy court for a determination whether the homestead exemption applies to Mrs. Robinson's claim. In my opinion, remand is not necessary. First, the facts in this case are stipulated, so there is no reason to remand to the bankruptcy court for a purely legal determination. Second, Mrs. Robinson's assertion that the homestead exemption does not apply to her is without merit; the homestead exemption in

this case applies to the debtors' home after re-marriage, not the house Mr. and Mrs. Robinson occupied before the divorce. (That home became the property of Mrs. Robinson). The cases cited by Mrs. Robinson are distinguishable, in that they concern a judicial lien on property which was formerly part of the marital estate. *See, e.g., Adams v. Amada (In re Adams),* 29 B.R. 452, 453 (Bankr.N.D.Iowa 1982). As noted above, property settlements can be avoided in bankruptcy; therefore, there is no impropriety by the Robinson's use of the homestead exemption in this case.